

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
DIVISION OF ENFORCEMENT
100 F Street, N.E.
WASHINGTON, D.C. 20549-1004

DIVISION OF
ENFORCEMENT

Duane K. Thompson
Assistant Chief Litigation Counsel
Telephone: (202) 551-7159
Facsimile: (202) 772-9282
ThompsonD@sec.gov

November 9, 2018

**VIA ECF**

The Honorable P. Kevin Castel
United States District Judge
United States Courthouse
500 Pearl Street, Courtroom 11D
New York, NY 10007-1312

    Re:    SEC v. Rashid, No. 17-cv-8223-PKC (S.D.N.Y.)

Dear Judge Castel:

    In accordance with Your Honor's Order dated October 25, 2018 (the "Order"), Plaintiff Securities and Exchange Commission ("SEC") writes to request a ruling on Defendant Mohammed Ali Rashid's ("Rashid") assertion of common interest privilege (or protection) as a basis to instruct his former lawyer, Glen McGorty, Esq. ("McGorty") of Crowell & Moring, LLP, not to answer questions during his deposition on October 30, 2018. This Court should order McGorty's deposition to be resumed for three primary reasons:

1) Rashid cannot meet his burden to establish that he shared an actual common interest with Apollo Management, LP ("Apollo").

2) McCorty conceded that it was only his impression that there was a "common interest" with Apollo. Apollo never agreed there was a "common interest" and accordingly there was never a "meeting of the minds" to satisfy the standard for establishing a common interest privilege.

3) Finally, to the extent Rashid ever satisfied his burden of establishing the privilege (which he did not), he waived the privilege by producing materials to the SEC.

The Honorable P. Kevin Castel
November 9, 2018
Page 2

## Standard for Establishing the Common Interest Privilege[1]

To avoid repetition, the SEC incorporates by reference and respectfully refers the Court to its prior statement of applicable legal standards in its letter to Your Honor dated October 15, 2018. (Doc. 56.) The *Nordbank* decision cited in the Court's October 15, 2018 Order states that:

> Demonstrating the applicability of the common interest doctrine requires a two-part showing: '(1) the party who asserts the rule must share a common legal interest with the party with whom the information was shared and (2) the statements for which protection is sought [must have been] designed to further that interest.' *HSH Nordbank AG New York Branch v. Swerdlow*, 259 F.R.D., 64 71 (S.D.N.Y. 2009) *quoting Allied Irish Banks, P.L.C., et al. v. Bank of America, N.A.*, 252 F.R.D. 163, 171 (S.D.N.Y. 2008).

*Nordbank* further states that "[s]uch a showing often exists in those instances in which 'multiple persons are represented by the same attorney' … or 'a joint defense effort or strategy has been decided upon and undertaken by the parties and their respective counsel.'" *Nordbank*, 252 F.R.D. at 71, *quoting Bank Brussels Lambert v. Credit Lyonais (Suisse) S.A.*, 160 F.R.D. 437, 446 (S.D.N.Y. 1995) and *United States v. Schwimmer*, 892 F.2d 237, 243 (2d Cir. 1989).

Furthermore, the party asserting the common interest privilege has the burden and "[s]ome form of joint strategy is necessary to establish a [joint defense agreement], **rather than merely the impression of one side.**" *Denny v. Jenkens & Gilchrist*, 362 F. Supp. 2d 407, 415 (S.D.N.Y. 2004) (emphasis added) (citing *United States v. Weissman*, 195 F.3d 96 (2d Cir, 1999) and *United States v. Schwimmer*, 892 F.2d 237 (2d Cir. 1989). Put another way, it is not sufficient to show that the parties had interests in common or that they shared a concern about potential litigation. Rather, the proponent must show a "meeting of the minds" between the two parties to the alleged common interest. *Id.* at 416.

## Factual Background

During his deposition, McGorty was consistently instructed not to answer questions concerning communications that he had with lawyers from Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul Weiss") from July 1, 2013 through August 1, 2013 concerning Apollo's review of Rashid's expenses and/or to limit his answers only to communications that occurred after

---

[1] The condensed version of McGorty's deposition transcript is attached hereto. McGorty has opted to read and sign, but to our knowledge, he has not yet submitted a signature or errata to the reporter. Thus, a final transcript is not yet available. Pursuant to Rule 5.1 of the Joint Local Rules United States District Courts for the Southern and Eastern Districts of New York, we are not filing the McGorty deposition exhibits, which include hundreds of pages of expense spreadsheets.

The Honorable P. Kevin Castel
November 9, 2018
Page 3

August 1, 2013.[2] McGorty was generally permitted to answer questions about communications that go to the question of whether a common interest had existed.[3]

As elicited by Rashid's counsel, McGorty articulated his understanding of Rashid's common interest with Apollo as follows:

> Q. What was your understanding as to how you were protecting the interests of your client, Mr. Rashid?
>
> A. Well, we were representing him and his interests exclusively, and to the extent that we were engaging in an effort to help keep his job, we were reviewing documents, ultimately we were working with Mr. Rashid to review documents to provide information to Paul Weiss in connection with their representation of Apollo and in an effort to resolve Apollo's concern with Mr. Rashid.
>
> (McGorty Dep. 215:6-17.)
>
> **********
>
> Q. During this period of time that you were retained, Mr. Rashid is being examined by Apollo for his expenses, is that right?
>
> A. That's correct.
>
> Q. And you are representing him in an effort to try to keep his job?
>
> A. That was from his perspective and goal, yes.

---

[2] *See* McGorty Deposition Transcript: 7:4 – 8:5; 29:25 – 32:3; 57:60:20; 76:16 – 76:15; 79:12-17; 81:1 – 82:18; 97:24 – 98:12; 109:24 – 110:4; 113:12 – 115:15; 118:12 – 124:24; 128:4 – 10; 129:14 – 130:13; 131:3 – 133:3; 134:6 – 135:22; 150:11 – 18: 151:19 – 153:10; 174:7 – 22; 199:8 – 200:15. McGorty's deposition was defended by Crowell & Moring partner Thomas A. Hanusik, Esq., but the common interest privilege was asserted by Rashid's current counsel, Greg Kehoe, Esq. of Greenberg Traurig, LLP.

[3] The Order states that: "Rashid concedes that there was no common interest with Apollo through July 1, 2013 and that none existed as of August 1, 2013. (Doc. 57 at 2.) If Rashid or McGorty chose to assert a privilege (or protection) for any interim period, then plaintiffs are entitled to examine Mr. McGorty on communications with Apollo or its counsel that go to the question of whether a common legal interest existed at the time of the communication for which a privilege (or protection) was asserted." (Doc. 58 at 1.)

> Q. According to Mr. Zelenko's letter [McGorty Dep. Ex. 8], Mr. Rashid was even given time off so he could cooperate with that investigation, right?
>
> A. That's what he was doing, yes.
>
> Q. And during this period of time, while he was cooperating with Apollo, he was cooperating because they were subject to an SEC examination?
>
> A. That's correct.
>
> Q. So we have a situation where you were representing your client to try to keep his job, not get fired, and also helping Apollo when they are under review during an SEC exam?
>
> A. That's right.
>
> Q. That is the substance of what you – is this the substance what you believe was the common interest that you had with Paul Weiss and Apollo?
>
> A. Yes.

(McGorty Dep. 217:20 – 218:20 [objection omitted].)

McGorty testified similarly on direct examination:

> Q. In your own words, what was the common interest between Mr. Rashid and Apollo?
>
> A. Well, I believe, I think I believed that the common interest was resolving concerns that Apollo had reflected about Mr. Rashid's expense use at Apollo; to assist them in resolving their concerns about Mr. Rashid; to resolve concerns about being employed at Apollo; and to the extent that there was linkage to the SEC examination, to assist Apollo in resolving that. To the extent there was a connection to that examination, I believe it was a variety of issues one of which may have been the Apollo expense policy, that was the common interest.

(McGorty Dep. 64:21 – 65:9.)

Although McGorty's articulation of the asserted common interest referenced an examination of Apollo that was being conducted by the SEC in 2013, he did not know the purpose or scope of the examination, nor did he recall any specific discussion about it with Paul Weiss. (McGorty Dep. 49:23 – 52:10. As McGorty also testified:

The Honorable P. Kevin Castel
November 9, 2018
Page 5

> "I never had a sense of the scope of the examination. I never had a sense of the scope of the expense part of this examination, if that was part of it."

(McGorty Dep. 66:1-4.)[4]

When specifically asked whether he recalled any discussion with Paul Weiss about Rashid's expenses potentially becoming an issue in the SEC examination:

- McGorty acknowledged that he had no actual recollection of any such discussion. (McGorty Dep. 51:5 – 16)

- McGorty recalled no discussion with Paul Weiss as to whether Apollo might have regulatory exposure on account of Rashid's conduct. (*Id.*, 54:5-8.)

- McGorty did not recall any discussion of Apollo potentially reporting Rashid's conduct to the SEC or any discussion about Apollo and Rashid jointly deciding whether to make a disclosure to the SEC regarding his conduct. (*Id.*, 51:17 – 52:10.)

Indeed, although McGorty thought that Paul Weiss had agreed to inform Crowell about the status of the SEC examination, Apollo did not consult him before it reported Rashid's conduct to the SEC on September 16, 2013, and he did not expect to be consulted. (*Id.*, 195:18 – 200:23 & Ex. 30 [Paul Weiss's Power Point presentation to the SEC's Office of Compliance Inspections and Examinations dated Sept. 16, 2013 and titled, "Apollo Global Management Expense Review – Preliminary Results"].)[5]

McGorty also testified that he did not recall any discussion with Paul Weiss, prior to August 1, 2013, as to whether their communications were protected by common interest or joint defense privilege. (McGorty Dep.136:10 – 137:8.) McGorty nonetheless believed there was a "mutual understanding" from the very beginning with Paul Weiss that their communication were pursuant to a common interest. (*Id.*, 61:20 – 62:23.) McGorty based his belief on his "understanding that the nature of the project was something that we both shared an interest in resolving accurately,

---

[4] In fact, the SEC examination was a routine "presence" examination of the various categories of ordinary business records that Apollo was required to maintain and make available for periodic examination pursuant to Section 204 of the Investment Advisers Act of 1940, 15 U.S.C. § 80b-4, and Section 31(b) of the Investment Company Act of 1940, 15 U.S.C. §80a-30. *See* Declaration of Duane K. Thompson, ¶ 2 and Ex. 1 (Initial Information Request Letter dated April 18, 2013 from William J. Delmage, Assistant Regional Director, SEC Office of Compliance Inspections and Examinations to John J. Suydam, Chief Compliance Officer, Apollo Capital Management, L.P. and Cindy Z. Michel, Chief Compliance Officer, Apollo Investment Corporation.

[5] A copy of Apollo's presentation is attached as Exhibit 2 to the Thompson Declaration.

truthfully and to the best of Mr. Rashid's ability." (*Id.*, 64:8-15.) McGorty also cited Crowell & Moring's use of subject lines such as "common interest privilege document" in emails to Paul Weiss and Crowell's insertion of similar headers or footers on attachments as evidence that he believed that the privilege was applicable. (*Id.*, 62:24-64:20.) As McGorty explained, "I would suggest that the header is not evidence that there was a common interest, but it certainly evidences that we believed there was." (*Id.*, 64:2-4.) McGorty never discussed the headers and footers with Paul Weiss nor did Paul Weiss ever express assent. (*Id.*, 145:18 – 146:14.) Moreover, McGorty knew that Apollo had given Rashid an *UpJohn* warning[6] on July 1, 2013, but thought that the warning did not apply to Crowell's subsequent communications with Paul Weiss. (*Id.*, 68:24 – 70:24.) McGorty was also aware of Apollo's insistence on a written confidentiality agreement, and he acknowledged that the agreement did not afford any protection to Rashid and was not a common interest agreement. (*Id.*, 83:13 – 86:1.)

## Argument

The Court should overrule Rashid's assertion of common interest protection as a basis to block questioning of McGorty concerning Crowell's communications with Paul Weiss in the period July 2 – August 1, 2013. McGorty's testimony confirms that Rashid cannot establish there was a common interest privilege between himself and Apollo.

First, Rashid cannot carry his burden because there is no evidence that he and Apollo ever decided upon and undertook a "joint defense effort or strategy" within the meaning of *Nordberg* and other precedents cited in our previous letter. Simply put, there is no evidence that the parties ever formed a joint defense effort or strategy. *Nordbank*, 252 F.R.D. at 71. McGorty's testimony that Rashid cooperated in Apollo's expense review because he was trying to save his job is not evidence of a joint defense effort or strategy. An employee and employer cooperating in an internal investigation of the employee's questionable conduct may well share a mutual hope for an outcome other than termination. But such a shared hope cannot be deemed "of a sufficient legal character to prevent a waiver by the sharing of those communications." *See Schaeffler v. United States*, 806 F.3d 34, 41 (2d Cir, 2015). Nor does McGorty's awareness of the SEC examination support the conclusion that Rashid and Apollo were engaged in a joint defense effort or strategy. McGorty had no recollection of Crowell and Paul Weiss ever discussing a joint defense effort or strategy with respect to the SEC examination. (McGorty Dep., 51:17 – 52:10.) This lack of recollection includes any discussion of Rashid having a say in whether or not Apollo would ultimately make a disclosure to the SEC about his conduct. (*Id.*) McGorty did not recall *any* specific discussion with Paul Weiss about the examination. (*Id.*) For that matter, McGorty did not even know the purpose

---

[6] *Upjohn Co. v. United States*, 449 U.S. 383 (1981).

The Honorable P. Kevin Castel
November 9, 2018
Page 7

or scope of the SEC examination. (*Id.*, 66:1-4.)  On this record, it cannot be concluded that Rashid's cooperation in the expense review was in furtherance of some unspoken joint defense effort or "identical legal strategy" regarding an SEC examination of unknown purpose and scope.

Second, it is abundantly clear that Rashid and Apollo did not have a meeting of the minds on a joint defense effort or strategy as required under the *Denny* decision. 362 F. Supp. 2d at 416. There is no written joint defense or common interest agreement.  McGorty was under the impression that a common interest existed, but he acknowledged having no recall of ever actually discussing the subject with Paul Weiss. (McGorty Dep. 136:10 – 137:8.)  Nor did McGorty believe that Crowell's designation of emails and their attachments as "common interest documents" was anything other than a reflection of his own view. (*Id.*, 64:1-4.)  Furthermore, Paul Weiss had the complete opposite understanding, as clearly shown by the declaration of Paul Weiss partner Roberto Finzi, who has attested that "I do not recall any common interest or joint defense agreement between Crowell & Moring and Mr. Rashid, on the one hand, and Paul Weiss and Apollo on the other hand." (McGorty Dep. Ex. 8A (Finzi Decl.) at ¶ 9).[7]  The following additional facts also demonstrate the absence of any meeting of the minds:

- Apollo's *UpJohn* Warning to Rashid on July 1, 2013, which made clear that *Apollo* was the sole owner of any privilege with respect to statements that he might make during the expense review and that *Apollo* could unilaterally decide to disclose those statements to a third party. (McGorty Dep. Ex. 8A (Finzi Decl.) at ¶ 3).

- The Confidentiality Agreement that Paul Weiss had Crowell execute on July 9, 2013 to afford confidentiality protection to *Apollo*. (McGorty Dep. Ex. 8A (Finzi Decl.) at ¶ 7 and Ex. 2).  McGorty acknowledged that this agreement did not afford any protections to Rashid. (McGorty Dep. 85:21 – 86:1.)

- Paul Weiss's August 1, 2012 email to McGorty, which provided a "reminder" that, among other things, "we are not in a position to enter into a joint defense agreement with your client." (McGorty Dep. Ex. 22.)

Third, even if there were some arguable basis to conclude that Rashid and Apollo's respective lawyers had a meeting of the minds on some tacit joint defense effort or strategy, Rashid

---

[7] Finzi's declaration was previously provided to the Court in support of the SEC's letter motion dated October 15, 2018. See Doc. 56-2.

The Honorable P. Kevin Castel
November 9, 2018
Page 8

waived any common interest protection when he produced the emails that the lawyers exchanged from July 1 – August 1, 2013 in response to the SEC's document request.[8] Rashid's document production was a classic waiver under Rule 502 of the Federal Rules of Evidence. Furthermore, the waiver extends not only to the documents themselves, but also to the associated phone calls and meetings on the same subject matter. Such oral communications "ought in fairness to be considered together" with the emails and spreadsheets that Rashid voluntarily produced without any claim of privilege. Fed. R. Evid. 502(a)(3). *See generally, Robbins & Myers, Inc. v. J.M. Huber Corp.,* 274 F.R.D. 63, 94 (W.D.N.Y. 2011) ("It is also fundamental that voluntary disclosure by or on behalf of a party during judicial proceedings may waive the privilege as to the disclosed information as well as all the otherwise privileged information relating to the same subject matter of the disclosed information"). In this case, the SEC would be prejudiced, and the jury would be confused, if Rashid were permitted to block testimony about the very email communications that he has produced in discovery.

## Conclusion

For the foregoing reasons, the SEC respectfully requests that the Court overrule Rashid's objections based on the common interest doctrine and order McGorty's deposition to be resumed to permit examination on communications between Crowell and Paul Weiss in the period July 1, 2013 – August 1, 2013.

---

[8] Please see pp. 6-8 of the SEC's letter of October 15, 2018 and the materials attached thereto for the text of Rashid's written document response and copies of the emails that he produced.

The Honorable P. Kevin Castel
November 9, 2018
Page 9

                                                  Respectfully submitted,

                                                  Duane K. Thompson
                                                  James M. Carlson
                                                  Donna K. Norman

cc:  Counsel of Record (via ECF)

      Thomas Hanusik, Esq.,
       Counsel to Crowell & Moring LLP
       (Via email)