UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SECURITIES AND EXCHANGE
COMMISSION,

       Plaintiff,       17-cv-8223 (PKC)

  -against-         OPINION AND ORDER

MOHAMMED ALI RASHID,

       Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

   In the course of a pretrial deposition of his former lawyer, defendant Mohammed Ali Rashid instructed that lawyer not to answer certain questions, invoking a common interest privilege with his former employer, Apollo Management, L.P. ("Apollo"). In 2013, the Paul Weiss law firm represented Apollo during the SEC's investigation into Rashid's corporate expenses. Rashid was separately represented by attorney Glen McGorty of the law firm Crowell & Morning LLP ("Crowell").

   In the course of McGorty's deposition, Rashid's attorney instructed McGorty not to answer certain questions on the grounds that his answers would disclose information protected by a common interest privilege that Rashid shared with Apollo. (E.g., Dep. Tr. 30-31, 35, 37, 58-60.) Specifically, Rashid urges that in July 2013, he shared a common interest privilege with Apollo that applied to their respective attorneys, and that certain communications between McGorty and Paul Weiss fall within that privilege. The SEC moves to compel McGorty to respond to its questions and to resume the deposition. (Docket # 59.)

Because Rashid has not demonstrated that he shared a common interest with Apollo, the SEC's motion is granted.

The common interest privilege "serves to protect the confidentiality of communications passing from one party to the attorney for another party where a joint defense effort or strategy has been decided upon and undertaken by the parties and their respective counsel. Only those communications made in the course of an ongoing common enterprise and intended to further the enterprise are protected." United States v. Schwimmer, 892 F.2d 237, 243 (2d Cir. 1989) (quotation marks and citations omitted). "Some form of joint strategy is necessary to establish" the privilege, "rather than merely the impression of one side . . . ." United States v. Weissman, 195 F.3d 96, 100 (2d Cir. 1999). There must be an agreement, either formal or informal, to pursue a joint legal strategy, and the party invoking the privilege must demonstrate a meeting of the minds. Denney v. Jenkens & Gilchrist, 362 F. Supp. 2d 407, 415-16 (S.D.N.Y. 2004). The privilege is to be narrowly construed, and the party invoking the privilege has the burden of demonstrating that it was in effect. Weissman, 195 F.3d at 99-100.

Rashid has not come forward with evidence that he and Apollo agreed to a common interest or joint legal strategy. Roberto Finzi of Paul Weiss states, "I do not recall any common interest or joint defense agreement between Crowell & Moring and Mr. Rashid on the one hand and Paul, Weiss and Apollo on the other." (Finzi Dec. ¶ 9.) McGorty similarly testified at his deposition that he did not recall the details of any conversation or agreement with Paul Weiss as to whether Rashid shared a common interest with Apollo, only that "we had an understanding at that time . . . ." (Docket # 60 at 4.) He testified, "I just can't point to a specific conversation because I don't remember the details, particularly of those early conversations that we had with them. My answer to your question is: I am not saying that it was never discussed. I

just don't recall the details of the conversation." (Id. at 5.) McGorty's testimony does not describe a formal or informal agreement to pursue a joint legal strategy. As noted in Weissman, a common interest cannot be found based on "merely the impression of one side." 195 F.3d at 100.

    Rashid points to an e-mail that McGorty sent to Paul Weiss on July 19, 2013, that had "Common Interest Privilege Document" in the subject line and the phrase, "pursuant to our common interest, attached is a draft spreadsheet." (Docket # 60 at 2-3.) Rashid notes that Paul Weiss did not contemporaneously object to that designation. (Id.) However, in an e-mail of August 1, 2013, a Paul Weiss attorney replied to an e-mail from McGorty that invoked common interest privilege, stating in part, "We would like to remind you that we are not in a position to enter into a join agreement with your client. . . . The information is considered privileged, however, the privilege belongs to Apollo. Apollo may choose to waive this privilege without Ali's consent . . . ." (Finzi Dec. Ex. 2.) Paul Weiss's express rejection of a common interest privilege or a joint defense agreement weighs against Rashid's reliance on such a privilege.

    Separately, Rashid urges that he reasonably believed that a common interest privilege was in effect because Paul Weiss provided only one so-called "Upjohn warning," Upjohn Company v. United States, 449 U.S. 383 (1981), informing him that Paul Weiss represented only Apollo, not Rashid, and that the contents of Rashid's discussions with Paul Weiss were privileged to Apollo alone. (Finzi Dec. ¶ 3.) Rashid agrees that this warning was made orally in a meeting of July 1, 2013, but urges that it effectively dissipated because it was not repeated after McGorty and Crowell were retained at Apollo's expense. (Docket # 60 at 3.) But the administration of the "Upjohn warning" is evidence that Apollo, through Paul Weiss, understood that its legal interests were distinct from Rashid's. That Paul Weiss did not

repeatedly administer Upjohn warnings to Rashid is not evidence that the parties pursued a joint legal strategy.

Rashid also points out that Apollo placed him on paid leave, and that it paid Crowell's fees. (Docket # 60 a 2.) As the SEC notes, these are routine practices for companies undergoing an internal investigation. Even if they were not routine, they do not show that the parties agreed to pursue a joint legal strategy.

Lastly, Rashid notes that Crowell's retention letter stated that the firm was representing Rashid in connection with "an SEC investigation of your employer, Apollo." (Docket # 60 at 3.) However, the letter also stated that "we work for you personally and that our duties and obligations are owed to you and not Apollo" and that "Apollo's payment of your legal fees does not create any professional relationship or obligation between this firm and Apollo." (Docket # 61-1 at 2.) The retention letter acknowledged that "certain confidential communications . . . may occur" between Crowell and Apollo, which would be subject to legal privileges. (Id.) Crowell's retention letter is not evidence that Rashid and Apollo agreed to a joint legal strategy or had a common interest, and instead is evidence that Crowell was retained to act solely on Rashid's behalf. It described the existence of privileged communications with Apollo as a possibility, and did not establish a common interest.

Rashid has not shown that he and Apollo agreed to pursue a joint legal strategy giving rise to a common interest privilege. The Court therefore directs the resumption of McGorty's deposition and overrules Rashid's objections to the questions of the SEC. The Clerk is directed to terminate the motion. (Docket # 59.)

SO ORDERED.

_P. Kevin Castel_
P. Kevin Castel
United States District Judge

Dated: New York, New York
       December 13, 2018