# EXHIBIT B

| | |
|---|---|
| **From:** | Friedman, Daniel (Assoc-NY-LT) |
| **To:** | "Norman, Donna K."; "Thompson, Duane"; "Carlson, James" |
| **Cc:** | Kehoe, Greg (Shld-TPA-LT); "Van Vliet, Theresa" |
| **Subject:** | SEC v. Rashid, No. 17-cv-8223 |
| **Date:** | Wednesday, December 26, 2018 6:38:33 PM |
| **Attachments:** | 2018 12 26 Rashid"s Contention Interrogatories to the SEC.PDF |

Counsel,

Attached please find copies of Defendant Mohammed Ali Rashid's Contention Interrogatories.

Thanks,
Daniel


**Daniel Friedman**
Associate

Greenberg Traurig, LLP
MetLife Building | 200 Park Avenue | New York, NY 10166
T +1 212.801.6788
friedmand@gtlaw.com | www.gtlaw.com | View GT Biography



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X

SECURITIES AND EXCHANGE                      :
COMMISSION,                                  :
                                             :
                            Plaintiff,       :          No. 17-cv-8223 (PKC)
                                             :
                                             :
                -v-                          :
                                             :
                                             :
MOHAMMED ALI RASHID,                         :
                                             :
                            Defendant.       :

-------------------------------------------------------------------- X

### DEFENDANT MOHAMMED ALI RASHID'S CONTENTION INTERROGATORIES TO PLAINTIFF SECURITIES AND EXCHANGE COMMISSION

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Civil Rule 33.3(c) of the United States District Court for the Southern District of New York, Defendant Mohammed Ali Rashid ("Mr. Rashid" or "Defendant") hereby requests that Plaintiff Securities and Exchange Commission ("SEC" or "Plaintiff") answer each of the contention interrogatories set forth below and deliver those answers to the Mr. Rashid's undersigned counsel at the offices of Greenberg Traurig, LLP, 200 Park Avenue, New York, NY 10166, within 30 days of service. The following definitions and instructions shall apply:

### DEFINITIONS

The definitions set forth in Local Rule 26.3 are incorporated in these Interrogatories by reference. The following additional terms shall have the following meanings and rules of construction, unless the context requires otherwise. Nothing set forth below is intended to narrow the scope of discovery permitted by the Federal Rules of Civil Procedure and Local Civil Rule 26.3, and the definitions and Interrogatories should be read as broadly as permitted by those rules.

1.      "Apollo" shall mean Apollo Global Management, LLC, including, but not limited to, its subsidiary Apollo Management, L.P. and any or all of the Affiliated Fund Managers, as that term is defined below.

2.      "Affiliated Funds" shall mean Apollo Management III, L.P., Apollo Management V, L.P., Apollo Management VI, L.P., Apollo Management VII, L.P., and Apollo Commodities Management, L.P., both collectively and individually.

3.      "Statute of Limitations Period" shall mean June 13, 2011, through the present.

## INSTRUCTIONS

1.      These Interrogatories are continuing and require you to promptly supplement your answers if you withdraw, modify or supplement your answers in any respect after the date of your initial answers.

## CONTENTION INTERROGATORIES

9.  What is your contention as to the amount that Mr. Rashid misappropriated, as that term is used in Paragraph 1 of the Complaint?  Indicate any documents that support your contention.

10. What is your contention as to the amount that Mr. Rashid misappropriated, as that term is used in Paragraph 1 of the Complaint, within the Statute of Limitations Period?  Indicate any documents that support your contention.

11. What is your contention as to the amount of personal expenses that Mr. Rashid misappropriated by claiming them as business expenses, as those terms are used in Paragraph 3 of the Complaint, as opposed to any other alleged misappropriation (such as exceeding Apollo's policy limits)?  Indicate any documents that support that contention.

12. What is your contention as to the amount of personal expenses that Rashid misappropriated by claiming them as business expenses, as those terms are used in Paragraph 3 of the Complaint, as opposed to any other alleged misappropriation (such as exceeding Apollo's policy limits), within the Statute of Limitations Period?  Indicate any documents that support that contention.

13. What is your contention as to Mr. Rashid's role in allocating expenses to the Apollo Funds? Indicate any documents or testimony that support your contention.

14. Do you contend that Mr. Rashid had a fiduciary obligation to know, understand, and adhere to Apollo's travel & expense reimbursement policies and procedures?  Indicate any documents or testimony that support your contention.

15. What is your contention as to why Mr. Rashid "knew, or was reckless in not knowing, that the Relevant Funds would be charged for any expense that he allocated to a Relevant Fund," as stated in Paragraph 46 of the Complaint?  Indicate any documents or testimony that support your contention.

16. Do you contend that any of the Apollo Funds or the Relevant Funds, as that term is used in the Complaint, have not been made whole by Mr. Rashid as a result of his expense reports?  Indicate any documents that support your contention.

17. Do you contend that none of Mr. Rashid's communications with Apollo were made in connection with a compromise offer or negotiation under Fed. R. Evid. 408?  If not, when do you contend that settlement negotiations began?  Indicate any documents that support your contention.

18. State your contention as to the amounts that Mr. Rashid allegedly misappropriated, as that term is used in Paragraph 1 of the Complaint, within the Statute of Limitations Period, from each of (a) Apollo Management III, L.P.; (b) Apollo Management V, L.P.; (c) Apollo Management VI, L.P.; (d) Apollo Management VII, L.P.; and (e) Apollo Commodities Management, L.P.  Indicate any documents that support your contention.

19. State your contention as to the amounts that Mr. Rashid allegedly misappropriated, as that term is used in Paragraph 1 of the Complaint, within the statute of limitations period, from each of (a) Apollo Management III, L.P.; (b) Apollo Management V, L.P.; (c) Apollo Management VI, L.P.; (d) Apollo Management VII, L.P.; and (e) Apollo Commodities Management, L.P with the statute of limitations period.  Indicate any documents that support your contention.

Dated: New York, New York
December 26, 2018

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

By: ___/s/ Gregory W. Kehoe_____

Gregory W. Kehoe
Ilana Haramati
200 Park Ave.
New York, New York 10166
(212) 801-9200
(212) 801-6400 (facsimile)
KehoeG@gtlaw.com
Haramatii@gtlaw.com

**GENOVESE JOBLOVE & BATTISTA, P.A.**
Theresa M.B. Van Vliet, Esq.
200 E. Broward Blvd. Suite 1110
Ft. Lauderdale, Florida 33301
(954) 453-8000
(954) 331-2912 (facsimile)
tvanvliet@gjb-law.com

*Attorneys for Defendant Mohammed Ali Rashid*

## CERTIFICATE OF SERVICE

I, Daniel Friedman, hereby certify that a true and correct copy of Defendant's Contention

Interrogatories pursuant to Fed. R. Civ. P. 26 and 33 were served upon the following attorneys of

record by electronic mail on December 26, 2018:

      Duane K. Thompson
      Securities and Exchange Commission
      100 F Street, NE
      Washington, D.C. 20549
      ThompsonD@SEC.gov

      James M. Carlson
      Securities and Exchange Commission
      100 F Street, NE
      Washington, D.C. 20549
      CarlsonJa@SEC.gov

      *Attorneys for Plaintiff, Securities and Exchange Commission*

*/s/ Daniel Friedman*
Daniel Friedman