```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SECURITIES AND EXCHANGE
COMMISSION,

                    Plaintiff,              17-cv-8223 (PKC)

       -against-                             OPINION AND ORDER


MOHAMMED ALI RASHID,

                    Defendant.
-----------------------------------------------------------x
```

CASTEL, U.S.D.J.

This action alleges that defendant Mohammed Ali Rashid, while serving as an investment advisor to certain private equity funds, misappropriated approximately $290,000 in personal expenses from the funds that he advised. Fact discovery has been on-going for over a year and has been extended through March 22, 2019.

Rashid served a Rule 30(b)(6), Fed. R. Civ. P., deposition notice on the plaintiff Securities and Exchange Commission ("SEC"), returnable January 22, 2019, with the following categories for witness designation:

> 1. Person with the most knowledge of investigation of Mr. Rashid relating in the instant complaint.
> 2. Person with the most knowledge of document, evidence and data obtained by the Plaintiff in support of its complaint prior to filing.
> 3. Person with the most knowledge of the evidence Plaintiff alleges supports each factual allegation in the instant complaint.
> 4. Person with most knowledge regarding the evidence supporting Plaintiff's claim of materiality in connection with the counts alleged in the instant complaint.
> 5. Person with most knowledge regarding the preparation of witness declarations filed by Plaintiff in the instant case, including but not limited to authorship.

A Rule 30(b)(6) notice may be served on a party, including a "government agency." Rule 30(b)(6) has a "reasonable particularity requirement." Rashid's notice is overbroad and is not particularized; it is a classic fishing expedition. See Krasney v. Nationwide Mut. Ins. Co., 06 cv1164 (JBA)(JGM), 2007 WL 4365677, at *3 (D. Conn. Dec. 11, 2007) (collecting cases granting protective orders against Rule 30(b)(6) notices framed in terms of the complaint, defenses or interrogatory responses).

Judge Leisure of this Court examined the content of a Rule 30(b)(6) notice directed to the SEC and looked to its substance and determined that the persons with knowledge of the subject areas would likely be persons directly involved in the prosecution of the case, and on this basis granted a motion for a protective order. S.E.C. v. Morelli, 143 F.R.D. 42, 47 (S.D.N.Y. 1992) ("Based on a review of the areas of inquiry highlighted in Morelli's Notice of Deposition, the Court finds that the proposed Rule 30(b)(6) deposition constitutes an impermissible attempt by defendant to inquire into the mental processes and strategies of the SEC."). The notice here is replete with references to the litigation: "each factual allegation," "preparation of witness declarations," "claim of materiality," four references to the "complaint" and four references to "evidence." Collectively and in context, they bespeak of an impermissible attempt of the kind condemned in Morelli. Accord S.E.C. v. Ahmed, 15 cv 675 (JBA), 2017 WL 1347668 *3 (D. Conn. Apr. 7, 2017) ("[G]iven the risk of inadvertent disclosure of the SEC's counsel's mental impressions or futility of a deposition consumed by objections, the Court believes that the prudent course is to quash this deposition notice."); S.E.C. v. Buntrock, 217 F.R.D. 441, 445 (N.D. Ill. 2003) ("[T]he notice seeks, if not the deposition of opposing counsel, then the practical equivalent thereof.").

Further Mr. Rashid seeks to conduct the depositions of an Assistant Director and, separately, a Senior Counsel of the SEC's Division of Enforcement who had filed affidavits on matters relating to a now-adjudicated motion to dismiss (in the case of Mr. Schuster) and a now-adjudicated discovery dispute (in the case of Ms. Norman). Neither affidavit reflects any first-hand knowledge of the matters alleged in the complaint, which centrally alleges that Rashid, in violation of his fiduciary duties to certain funds, misappropriated funds for his personal expenses.

Rashid's lawyer alleges in the case of Schuster's declaration that "he is offering insight into the SEC's thoughts on one of the central issues in this action – the basis for the SEC's allegation concerning Mr. Rashid's expenses." (Kehoe Ltr., Jan 4, 2019 at 5.) In the case of Norman, the lawyer asserts that she "similarly offered the SEC's internal thinking on another central issue, namely, the extent to which communications between Mr. Rashid and Apollo were subject to Fed. R. Evid. 408." (Id.)

Schuster and Norman led the SEC's pre-complaint investigation upon which the complaint in this action was framed. Rashid's lawyer's belief that "[t]he SEC appears to have done little in the way of an independent investigation of the facts . . ." provides no basis for conducting their depositions. (Id. at 2.) At this stage, the question is not whether the SEC relied excessively on one of the alleged victims of the fraud in its pre-complaint investigation, as Rashid maintains, but whether it can prove the case alleged in its complaint.

Granting the protective order works no prejudice on Rashid. Wholly apart from the present discovery dispute, plaintiff was required to disclose the name and address of each person who it believes has discoverable information that the plaintiff may use to support its claims. Rule 26(a)(1)(A)(i), Fed. R. Civ. P. The SEC was also required to either copy and

produce or describe by category and location all documents, including electronically stored information, in its possession or control that it may use to support its claim.  Rule 26(a)(1)(A)(ii), Fed. R. Civ. P.  The parties are subject to an ongoing duty to supplement their disclosures.  Rule 26(e), Fed. R. Civ. P.  These disclosures permit a party to tailor more focused discovery.  Indeed, the SEC maintains that it has "produced all relevant, non-privileged documents and testimony it collected in its investigation that gave rise to the instant case."  (Carlson Ltr., Dec. 17, 2018.)

The depositions sought appear to have no substantial purpose, other than to discover an opposing party's case preparation, impressions, legal theories and trial strategy.  Work product protection has been asserted and no work product protection has been waived.  No adequate showing of substantial need has been made, nor of an inability to obtain the substantial information by equivalent by other means.

Plaintiff's Letter Motion for a protective order against the conduct of these three depositions (Doc 65) is GRANTED.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
        February 11, 2019