UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MOHAMMED ALI RASHID,<br><br>Defendant. | No. 17-cv-8223 (PKC) |

### DECLARATION OF STEPHEN ATTWOOD

I, Stephen Attwood, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am over 18 years of age, and I am a United States citizen residing in Tempe, Arizona. From July 2008 through April 2013, I served as an executive of Quality Distribution, Inc. ("QDI"), which was then a publicly traded company headquartered in Tampa, Florida.

2. I make this Declaration based upon personal knowledge, information, and belief. To the extent that there are assertions herein concerning dates, charges, and numbers, they are approximate, based upon my best information and recollection.

3. Attachments A, B, and C hereto are true and correct copies of records in my possession, and they reflect charges that I made, to the best of my knowledge.

4. In July 2008, I was named Senior Vice President and Chief Financial Officer ("CFO") of QDI. In August 2010, I became the President and Chief Operating Officer of QDI, in which role I remained until I left QDI in April 2013.

5. When I joined QDI in July 2008, Apollo Investment Fund III, L.P., which was managed by private equity firm Apollo Global Management LLC ("Apollo"), was QDI's

majority shareholder. As the largest shareholder, Apollo controlled four of the eight QDI director positions at that time.

6. From before July 2008 to at least April 2013, Defendant Mohammed Ali Rashid ("Rashid"), who was then an Apollo partner, was a member of the QDI board of directors.

7. To the best of my recollection, I have never had a meal alone with Rashid.

8. Between July 2008 and April 2013, I was present at a limited number of dinners attended by Rashid and other QDI officers and directors. To the best of my recollection, those dinners were always in conjunction with board or investor meetings.

9. To the best of my recollection, I did not have dinner with Rashid at Lucy's Restaurant in New York City on October 21, 2010, to discuss refinancing. Although my QDI expense reports and related documentation indicate that I was in New York that night, I do not believe that Rashid and I would have dined together, without others present, to discuss refinancing—much less in October 2010, when I was no longer the CFO of QDI. I am not familiar with Lucy's Restaurant in New York.

10. To the best of my recollection, I did not have dinner or drinks with Rashid and other members of the QDI management team in New York City on Friday, October 22, 2010. I have personally reviewed my QDI expense reports and related documentation, and those materials indicate that I took a taxi from Manhattan to JFK International Airport in New York that day at around 2:25 PM EDT, had a meal at JFK shortly before 4:00 PM EDT, and then flew to Phoenix, Arizona, where I arrived by 7:50 PM MST. See Attachment A hereto, which contains the receipts for my taxi ride to JFK and afternoon meal at JFK on October 22, 2010; Attachment B hereto, which is a receipt showing that I paid for airport parking in Phoenix at 7:50 PM MST on October 22, 2010; and Attachment C hereto, which is my QDI expense report for

2

the week ending October 30, 2010, indicating that the charges reflected in Attachment A and B were made on October 22, 2010.

11. To the best of my recollection, I did not have dinner with Rashid in New York City on Friday, October 29, 2010. I have personally reviewed my QDI expense reports and related documentation, and those materials do not indicate that I was in New York that day.

12. To the best of my recollection, I did not have dinner with Rashid in New York City on November 23, 2010. I have personally reviewed my QDI expense reports and related documentation, and those materials do not indicate that I was in New York that day.

13. To the best of my recollection, I did not have brunch with Rashid at Minetta Tavern in New York City on Saturday, January 8, 2011. I have personally reviewed my QDI expense reports and related documentation, and those materials do not indicate that I was in New York that day. I am not familiar with Minetta Tavern in New York.

14. To the best of my recollection, I did not have dinner with Rashid and other members of the QDI management team in New York City on Saturday, February 26, 2011. I have personally reviewed my QDI expense reports and related documentation, and those materials do not indicate that I was in New York that day.

15. To the best of my recollection, I did not have dinner with Rashid at Stuzzi Restaurant in New York City on May 25, 2011. I have personally reviewed my QDI expense reports and related documentation, and those materials do not indicate that I was in New York that day. I am not familiar with Stuzzi Restaurant in New York.

16. To the best of my recollection, I have never received any ties, shirts, electronics, gift cards, or any other gifts from Rashid.

SEC-SEC-E-0000023

Pursuant to 28 U.S.C. § 1746, I, Stephen Attwood, declare under penalty of perjury that the foregoing is true and correct.

Executed on June 27, 2018
Tempe, Arizona

*S Attwood*

Stephen Attwood

```
                                        HMSHOST
                                BONF... RESTAURANT T.
                                JFK INTER'  TONAL AIRPORT
                            CHECK:         52
                            TABLE:          1
                            SERVER:    604  JOHN
                            DATE:           10  3:56PM
                            CARD TYPE:  AM..     A.
                            ACCT #:     XXXXXXXXXX████
                            EXP DATE:   XX/XX
                            AUTH CODE:  ████
                                 STE... ATTWOOD

                            TOTAL:              35.9
                            ** GRATUITY .    · INCLUDED **

                            CH..K AMOUNT: _____
                                                  7—
                            TIP: _____
                                                 42.91
                            TOTAL: _____

                            Signat
```

Tip 9.93
60.00





Phoenix Sky Harbor Airport
2116 E Sky Harbor Circle South
Phoenix, AZ 85034
Phone: 602-273-4545 or 4546
Fax: 602-392-0149
Email: skyharborparking@phoenix.gov
Facility: 000007310

Receipt 0887/7801/313   10/22/10 19:50:51

10100 Pay 100 Ticket             50.00 $
Entry Time : 10/21/10 05:53
Entry Lane : 120

Total Amount           50.00 $

Credit Visa            50.00 $

Visa

ATTWOOD/STEPHEN
Amount = $ 50.00
Account: xxxx xxxx xxxx
Authorization Code

*************************
*** Thank you ***
*** Come back soon ***
*************************

Attachment B                                    Page 1 of 1

# TRAVEL & EXPENSE REPORT

COMPANY: QCI/QDI   X   US$   X

EMPLOYEE NAME: Stephen Attwood
LOCATION/DEPT. NAME: Corporate/Executive
LOCATION/DEPT. #: Corporate/915
FOR WEEK ENDING: October 18, 2010

| Date on this line: | | 10/7/10 | 10/22/10 | 10/17/10 | | | | | Total |
|---|---|---|---|---|---|---|---|---|---|
| From: | | | | | | | | | |
| To: | | | | | | | | | |
| RUNZHEIMER TOTAL MILES | | | | | | | | | |
| Total Miles | | | | | | | | | |
| Description | | | | | | | | | |
| Mileage (0.20 cents/mile (06/15/09) | | | $0.00 | | | | | | |
| Misc (parking, tolls, taxis, etc.) | | | $115.00 | | | | | | |
| Airfare | | | | | | | | | |
| Auto rental | | | | | | | | | |
| Lodging | | | $416.45 | | | | | | |
| Breakfast ($8.50 limit before tax & tip) | | | | | | | | | |
| Lunch ($14 limit before tax & tip) | | | $42.81 | | | | | | |
| Dinner ($25 limit before tax & tip) | | | | | | | | | |
| Phone/Fax | | | | | | | | | |
| Office supplies | | | | | | | | | |
| Postage/Overnights | | | | | | | | | |
| Other (Please note below) | | | | | | | | | |
| Other (Please note below) | | | | | | | | | |
| Other (Please note below) | | | | | | | | | |
| Total Per Day | | | $568.26 | | | | | | |

I hereby certify that the above expenditures represent cash spent for legitimate company business only and include no items of a personal nature.

Date: 11-1-2010   Signature: S. Attwood
Date:                Approval: