**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**Case No. 17-cv-8223**

**SECURITIES AND EXCHANGE**
**COMMISSION,**

             **Plaintiff,**

**vs.**

**MOHAMMED ALI RASHID,**

             **Defendant.**

_____/

<u>**DEFENDANT MOHAMMED ALI RASHID'S RESPONSES AND OBJECTIONS**</u>
<u>**TO PLAINTIFF SECURITIES AND EXCHANGE**</u>
<u>**COMMISSION'S FIRST SET OF REQUESTS FOR ADMISSION**</u>

The Defendant, Mohammed Ali Rashid ("Defendant" or "Rashid"), by and through counsel, and pursuant to Rule 36 of the Federal Rules of Civil Procedure, hereby serves the Defendant Mohammed Ali Rashid's Responses and Objections (the "<u>Responses</u>") to Plaintiff Securities and Exchange Commission's First Requests for Admissions to Defendant (the "<u>Request(s)</u>") and states, as follows:

<u>**GENERAL OBJECTIONS**</u>

1.      In providing these responses and objections to the Requests, Defendant does not in any way waive or intend to waive, but rather intends to preserve, and is preserving: (a) all questions and objections as to competency, relevancy, materiality, privilege and admissibility; (b) all rights to object on any ground to the use of any of the responses herein in any subsequent proceedings, including the trial of this or any other action; (c) all objections as to vagueness and ambiguity; (d) all rights to object on any ground as to further document requests, interrogatories, requests for admissions, or other discovery requests involving, or related to, the Requests: (e) the right at any time to revise, correct, add to or clarify any of the responses and objections set forth herein; (f) the right

Plaintiff's EX. #
**PX-156**

to interpose additional responses and objections; and (g) the right to move for an appropriate protective order. In particular, in responding to these Requests, Defendant specifically reserves the right to object to the admission of any evidence, in whatever form, which is protected under Federal Rule of Evidence, Rule 408, including but not limited to those Requests contained in Section J of the Requests.

2.     Defendant objects to any specific Request to the extent that such Request would require the disclosure of the contents of any privileged communications or of attorney's work product. Defendant does not waive, but rather intends to preserve, and is preserving (a) the attorney-client privilege; (b) the work-product privilege; and (c) every other privilege with respect to each item of information, and as to each and every document protected by such a privilege.

3.     Defendant objects to the Requests to the extent that they seek to impose obligations or burdens on Defendant beyond those required and/or permitted by the applicable provisions of the Federal Rules of Civil Procedure.

4.     Each of the foregoing General Objections is incorporated as part of Defendant's response to the following as if fully set forth for each specific Request.

5.     To the extent that Defendant objects to a Request on the basis of a specified objection, it does not thereby waive the General Objections.

6.     To the extent that Defendant objects to a Request, but then proceeds to answer such Request in whole or in part, he does not thereby waive any objections to the Request in question.

7.     Defendant reserves the right to supplement his responses in the future and rely upon any such supplemental responses.

**REQUESTS FOR ADMISSION**

A.      **Employment with Apollo**

1.      Admit that you were employed by Apollo Management, L.P ("Apollo") from August 2000 through February 2014.

<u>Answer</u>: **Admitted.**

2.       Admit that you were a Partner at Apollo during the Relevant Period.

<u>Answer</u>: **Admitted.**

3.      Admit that by 2012, Apollo had promoted you to Senior Partner.

<u>Answer</u>:  **Admitted.**

4.      Admit that Apollo was engaged in the business of advising private equity funds that were managed by Apollo's affiliates.

<u>Answer</u>: **Admitted.**

5.      Admit that your primary responsibilities at Apollo included sourcing and evaluating investments for some of Apollo's private equity funds.

<u>Answer</u>:  **Admitted.**

6.      Admit that you were a member of the private equity investment group at Apollo during the Relevant Period.

<u>Answer</u>:  **Admitted.**

7.      Admit that you were a member of the group of partners and other professionals at Apollo that provided investment advice to private equity funds during the Relevant Period.

<u>Answer</u>: **Admitted, insofar as Rashid provided advice to his superiors, as opposed to the funds "directly."**

8.      Admit that your work at Apollo focused on private equity investments in the

3

industrials and business services sectors as well as distressed debt.

Answer: **Admitted in part and denied in part.  Rashid admits that industrial and business service sectors and distressed debt were among the areas of his focus, but denies the request it suggests these were his sole areas of focus.**

9.      Admit that you led Apollo's efforts in metals and mining and helped generate,

evaluate and execute many of Apollo's transactions in the sector during the relevant period.

Answer: **Admitted in part and denied in part.  Rashid admits that he was among the people at Apollo leading its efforts in metals and mining, and that he helped generate, evaluate and execute many of Apollo's transactions in this sector, but denies the request to the extent it suggests that Rashid was the sole leader of these efforts at Apollo.**

10.      Admit that you recommended investment opportunities to some of Apollo's private

equity funds during the Relevant Period.

Answer: **Admitted, insofar as Rashid made recommendations to his superiors as opposed to the funds directly.**

11.      Admit that you monitored the performance of investments made by some of

Apollo's private equity funds during the Relevant Period.

Answer: **Admitted.**

12.      Admit that you developed and recommended disposition strategies for Portfolio

Companies owned by some of Apollo's private equity funds during the Relevant Period.

Answer: **Admitted.**

13.      Admit that you worked closely with management of Portfolio Companies owned by

some of Apollo's private equity funds during the Relevant Period in order to promote the financial

interests of Apollo-advised funds.

Answer: **Admitted.**

14.     Admit that during the Relevant Period you served on the board of directors of Metals USA or its predecessor.

Answer: **Admitted.**

15.     Admit that during the Relevant Period, you received more than $100,000 each year for serving on the board of directors of Metals USA or its predecessor.

Answer: **Rashid admits that he received in excess of $100,000 in total compensation each year.**

16.     Admit that during the Relevant Period you served on the board of directors of Realogy Holdings Corporation or its predecessor.

Answer: **Admitted.**

17.     Admit that during the Relevant Period you served on the board of directors of Quality Distribution, Inc. or its predecessor.

Answer: **Admitted.**

18.     Admit that during the Relevant Period, you received more than $100,000 each year for serving on the board of directors of Quality Distribution, Inc. or its predecessor.

Answer: **Rashid admits that he received in excess of $100,000 in total compensation each year.**

19.     Admit that you were a trusted advisor to the management teams of the Portfolio Companies that you worked with during the Relevant Period

Answer: **Defendant objects to this request on the grounds that it is vague and ambiguous as to whom or what constitutes the "management teams," at which period of time, and as to which Portfolio Company at which period of time.  To the extent the request also asks Rashid to admit that he was a "trusted advisor" to others, Rashid is without sufficient knowledge to be able to either admit or deny, even upon reasonable diligence, the status of an unidentified person's opinion of him at an unspecified time.**

20.     Admit that one of the private equity funds that Apollo during the Relevant Period

advised was Apollo Investment Fund III, L.P. ("Fund III")

Answer: **Admitted.**

21.    Admit that you provided investment advice to Fund III during the Relevant Period.

Answer: **Rashid denies that he provided investment advice directly to Fund III.**

22.    Admit that you received compensation for providing investment advice to Fund III

during the Relevant Period.

Answer: **Admitted in part, denied in part and without sufficient knowledge to admit or deny in part. Rashid admits that he received compensation from Apollo. Rashid denies that he provided advice directly to Fund III. Rashid is without sufficient knowledge to know what consideration played a part in the determination by others of his compensation nor is he able to so discern upon reasonable inquiry.**

23.    Admit that one of the private equity funds that Apollo advised during the

Relevant Period was Apollo Investment Fund V, L.P. ("Fund V")

Answer: **Admitted.**

24.    Admit that you provided investment advice to Fund V during the Relevant Period.

Answer: **Rashid denies that he provided advice directly to Fund V.**

25.    Admit that you received compensation for providing investment advice to Fund V

during the Relevant Period.

Answer: **Admitted in part, denied in part and without sufficient knowledge to admit or deny in part. Rashid admits that he received compensation from Apollo in relation to his work with Fund V. Rashid denies that he provided advice directly to Fund V. Rashid is without sufficient knowledge to know what considerations played any part in the determination of his compensation by others.**

26.    Admit that one of the private equity funds that Apollo advised during the

Relevant Period was Apollo Investment Fund VI, L.P. ("Fund VI").

Answer: **Admitted.**

27.     Admit that you provided investment advice to Fund VI during the Relevant Period.

Answer:  **Rashid denies that he provided investment advice directly to Fund VI.**

28.     Admit that you received compensation for providing investment advice to Fund VI during the Relevant Period.

Answer: **Admitted in part, denied in part and without sufficient knowledge to admit or deny in part. Rashid admits that he received compensation from Apollo in relation to his work with Fund VI. Rashid denies that he provided advice directly to Fund VI. Rashid is without sufficient knowledge to know what considerations played any part in the determination of his compensation by others.**

29.     Admit that one of the private equity funds that Apollo advised during the Relevant Period was Apollo Investment Fund VII, L.P. ("Fund VII")

Answer:  **Admitted.**

30.     Admit that you provided investment advice to Fund VII during the Relevant Period.

Answer:  **Rashid denies that he provided investment advice directly to Fund VII.**

31.     Admit that you received compensation for providing investment advice to Fund VII during the Relevant Period.

Answer:  **Admitted in part, denied in part and without sufficient knowledge to admit or deny in part. Rashid admits that he received compensation from Apollo in relation to his work with Fund VII. Rashid denies that he provided advice directly to Fund VII. Rashid is without sufficient knowledge as to what considerations played a part in the determination of his compensation by others.**

32.     Admit that one of the private equity funds that Apollo advised during the Relevant Period was Apollo Natural Resources Partners, L.P. ("ANRP")

Answer:  **Admitted.**

33.     Admit that you were an investment adviser to ANRP during the Relevant Period.

7

Answer: **Rashid denies that he provided investment advice directly to  ANRP.**

34.    Admit that you received compensation for providing investment advice to ANRP during the Relevant Period.

Answer:  **Admitted in part, denied in part and without sufficient knowledge to admit or deny in part.  Rashid admits that he received compensation from Apollo in relation to his work with ANRP.  Rashid denies that he provided advice directly to ANRP.  Rashid is without sufficient knowledge as to what considerations played a part in the determination of his compensation by others.**

35.    Admit that during the Relevant Period you were aware of the existence of the Amended and Restated Agreement of Limited Partnership for Fund III.  SEC-CORRESPOND- E-0003484- 580.

Answer:  **Admitted in part and denied in part.  Rashid admits that he was aware of the existence of a limited partnership relating to Fund III.  Rashid denies that the Bates referenced document is the Agreement of Limited Partnership for Apollo Investment Fund III, L.P. (the Bates referenced document, dated March 17, 1995, is the Amended and Restated Agreement of Limited Partnership for Fund III).**

36.    Admit that during the Relevant Period you were aware of the terms of the Amended and Restated Agreement of Limited Partnership for Fund III.  SEC-CORRESPOND- E-0003484- 580.

Answer:  **Denied to the extent the Request suggests that Rashid was aware of specific terms of either an Agreement of Limited Partnership for Fund III or an Amended and Restated Agreement of Limited Partnership for Fund III dated March 17, 1995, as distinguished from a general awareness of the existence of a structure and certain general financial provisions.**

37.    Admit that during the Relevant Period you were aware of the existence of the Management Section contained within the document entitled Apollo Investment Fund II, L.P. Amended and Restated Agreement of Limited Partnership. SEC-CORRESPOND-E-0003483-580 at 537-548.

Answer: **Denied.**[1]

38.    Admit that during the Relevant Period you were aware of the terms of the Management

Section contained within the document entitled Apollo Investment Fund II, L.P. Amended and

Restated Agreement of Limited Partnership.   SEC-CORRESPOND-E-0003483- 580 at 537-548.

Answer: **Denied.**[2]

39.    Admit that during the Relevant Period you were aware of the existence of any

Agreement of Limited Partnership for Fund V.

Answer: **Admitted.**

40.    Admit that during the  Relevant Period you were aware of the  terms of any

Agreement of Limited Partnership for Fund V.

Answer: **Rashid objects to this request as vague and ambiguous.  There are at least five (5) Agreements or Amended and Restated Agreements of Limited Partnership relating to Fund V. To the extent the request is not deemed to be ambiguous, Rashid denies that he was aware of each of the terms of each of the at least five Agreements or Amended and Restated Agreements.**[3]

41.    Admit that during the Relevant Period you were aware of the existence of the

document entitled Apollo Investment Fund V, L.P. Fifth Amended and Restated Agreement of

Limited Partnership.

Answer: **Admitted.**

---

[1] The request refers to an Amended and Restated Agreement of Limited Partnership at Bates SEC-CORRESPOND –E- 0003483-580 and requests an admission relating to Fund II.  SEC Bates 0003484-580 is the Amended and Restated Agreement of Limited Partnership for Fund III dated March 17, 1995.  *See also* RFAs 35 and 36.

[2] The request refers to an Amended and Restated Agreement of Limited Partnership at Bates SEC-CORRESPOND –E- 0003483-580 and requests an admission relating to Fund II.  SEC Bates 0003484-580 is the Amended and Restated Agreement of Limited Partnership for Fund III dated March 17, 1995.  *See also* RFAs 35 and 36.

[3] *See* APOLLO00000329-421.

42.     Admit that during the Relevant Period you were aware of the terms of the Management Agreement pursuant to which Apollo Management V, L.P. served as the management company for Fund V.

Answer:  **Rashid denies that he was aware of specific terms of any management provisions relating to Fund V.**

43.     Admit that during the Relevant Period you were aware of the existence of the Agreement of Limited Partnership for Fund VI. APOLLO00000786-890.

Answer: **Admitted in part, denied in part.  Rashid admits he was aware of the existence of general terms of an agreement relating to Fund VI.  Rashid denies that he had a specific awareness of the original Agreement of Limited Partnership (as opposed to the Bates number referenced document which is the Amended and Restated Agreement of Limited Partnership, dated August 26, 2005).  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

44.     Admit that during the Relevant Period you were aware of the terms of the Agreement of Limited Partnership for Fund VI.  APOLLO00000786-890.

Answer: **Rashid denies that he was of either the specific terms of either the Agreement of Limited Partnership for Fund VI or the Bates numbered referenced document, the Amended and Restated Agreement of Limited Partnership related to Fund VI dated August 26, 2005.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

45.     Admit that during the Relevant Period you were aware of the existence of the Management Agreement pursuant to which Apollo Management VI, L.P. served as the management company for Fund VI.   APOLLO00000835-49.

Answer: **Admitted in part and denied in part.  Rashid admits that he was aware of the existence of general management terms relating to Fund VI.  Rashid denies that he was aware of any standalone "Management Agreement" as suggested by the request.  Rashid reserves the right to supplement his response should he obtain additional information through the discovery process, including but not limited to a complete copy of the referenced "Management Agreement" described in the request.  The Bates referenced document consists of 15 pages of**

10

**an apparent legal document without a title page or reference therein to Fund VI.**

46.      Admit that during the Relevant Period you were aware of the terms of the Management Agreement pursuant to which Apollo Management VI, L.P. served as the management company for Fund VI. APOLLO00000835-49.

Answer: **Denied. Rashid reserves the right to supplement his response should he obtain additional information through the discovery process, including but not limited to a complete copy of the referenced "Management Agreement" described in the request. The Bates referenced document consists of 15 pages of an apparent legal document without a title page or reference therein to Fund VI.**

47.      Admit that during the Relevant Period you were aware of the existence of the Agreement of Limited Partnership for Fund VII. APOLLO00000518-629.

Answer:  **Admitted in part, denied in part. Rashid admits he was aware of the existence of general terms of an agreement relating to Fund VII. Rashid denies that he had a specific awareness of the original Agreement of Limited Partnership relating to Fund VII (as distinct from the Bates number referenced document which is the Amended and Restated Agreement of Limited Partnership, dated August 30, 2007). Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

48.      Admit that during the Relevant Period you were aware of the terms of the Agreement of Limited Partnership for Fund VII. APOLLO00000518-629.

Answer:  **Admitted in part and without sufficient knowledge to admit or deny in part. Rashid admits that he was aware of the terms of an iteration of the Limited Partnership Agreement relating to Fund VII during his tenure with Apollo (as distinct from the Bates number referenced document which is the Amended and Restated Agreement of Limited Partnership, dated August 30, 2007). Rashid is without sufficient knowledge to provide a definite response to that portion of the request relating to specific referenced agreement (whether by name or alternatively Bates number references) owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him. Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

49.      Admit that during the Relevant Period you were aware of the existence of the Management Agreement pursuant to which Apollo Management VII, L.P. served as the management

company for Fund VII.  APOLLO00000575-92.

Answer:  **Admitted in part and denied in part.  Rashid admits that he was aware of the existence of general management terms relating to Fund VII.  Rashid denies that he was aware of any standalone "Management Agreement" as suggested by the request.  Rashid reserves the right to supplement his response should he obtain additional information through the discovery process, including but not limited to a complete copy of the referenced "Management Agreement" described in the request.  The Bates referenced document consists of 18 pages of an apparent legal document without a title page or reference therein to Fund VII.**

50.     Admit that during the Relevant Period you were aware of the terms of the Management Agreement pursuant to which Apollo Management VII, L.P.  served as the management company for Fund VII.  APOLLO00000575-92.

Answer: **Denied.  Rashid reserves the right to supplement his response should he obtain additional information through the discovery process, including but not limited to a complete copy of the referenced "Management Agreement" described in the request.  The Bates referenced document consists of 18 pages of an apparent legal document without a title page or reference therein to Fund VII.**

51.     Admit that during the Relevant Period you were aware of the existence of the Agreement of Limited Partnership for ANRP. APOLLO00000037-147.

Answer:  **Admitted in part and denied in part.  Rashid admits he was aware of the existence of general terms of an agreement relating to ANRP.  Rashid denies that he had a specific awareness of the original Agreement of Limited Partnership relating to ANRP (the Bates number referenced document which is the Fifth Amended and Restated Agreement of Limited Partnership, dated October 29, 2013).  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

52.     Admit that during the Relevant Period you were aware of the terms of the Agreement of Limited Partnership for ANRP. APOLLO00000037-147.

Answer:  **Admitted in part and denied in part. Rashid admits he was aware of general terms of an agreement relating to ANRP.  Rashid denies that he had an awareness of the specific terms of the original Agreement of Limited Partnership relating to ANRP or any iteration to and including the Bates number referenced document, which is the Fifth Amended and Restated Agreement of Limited Partnership, dated October 29, 2013.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or**

**denial.**

53.     Admit that during each year of the Relevant Period you were aware of the existence

of Apollo's Travel and Expense Reimbursement Policies and Procedures ("T&E Policies").

APOLLO00041624-35.

Answer: **Rashid admits that he was aware that Apollo had general T&E Reimbursement policies at times during his tenure. Rashid is without sufficient knowledge to respond as to the T&E Policy in any given year owing to the passage of time, his inability to access his emails and records from Apollo to refresh his recollection and notes that the referenced Bates numbered documents do not contain any such T&E Policies and Procedures from any year but rather consist of an Annual Compliance Survey for the year ending December 31, 2010 which  an automated search reveals does not contain any specific reference to Travel and Entertainment Policies and Procedures.**

54.     Admit that during each year of the Relevant Period you reviewed Apollo's Travel and

Expense Reimbursement Policies and Procedures ("T&E Policies"). APOLLO00041624-35.

Answer: **Denied.**

55.     Admit that during each year of the Relevant Period you were aware of the substance

and content of Apollo's T&E Policies.  APOLLO00041624-35.

Answer: **Admitted in part and denied in part. Rashid admits that he had general knowledge of the substance and content of Apollo's T&E policies.  Rashid denies the request insofar as it suggests that he has a specific recollection of an awareness in each individual year of the Relevant Period of the substance and content of the T&E policies.  Rashid is without sufficient knowledge to respond as to the T&E Policy in any given year owing to the passage of time, his inability to access his emails and records from Apollo to refresh his recollection and notes that the referenced Bates numbered documents do not contain any such T&E Policies and Procedures form any year but rather consist of an Annual Compliance Survey for the year ending December 31, 2010 which an automated search reveals does not contain any reference to Travel and Entertainment Policies and Procedures.**

56.     Admit that during each year of the Relevant Period you were aware that Apollo's

T&E Policies required employees to submit expense reports that provided the "WHO, WHAT,

WHEN, WHERE AND WHY" of each expense items being claimed as a business expense.

BDO-Apollo-00001011-26 at 15.

13

Answer:  **Admitted in part and denied in part.  Admitted, insofar as Rashid was aware of the "Who, What, When, Where and Why" verbiage during parts of the relevant time period and denied insofar as the request differs from Rashid's recollection of his awareness of the verbiage being so stated during all parts of the Relevant Period.  It is noted that while the Bates documents referred to in this request contain the quoted verbiage, the documents are undated and Rashid is without sufficient information to recall the precise year of this version of the T&E policy owing to the passage of time, his inability to access his Apollo emails and files and the absence of documents in his possession which would enable him to refresh his recollection.**

57.     Admit that during each year of the Relevant Period you were aware that Apollo's T&E Policies stated that while employees were permitted to delegate expense report preparation to other employees, such as assistants, "the employee is ultimately responsible for timely and accurate submission of his/her expenses regardless of who prepares the expenses report."  BDO-Apollo-00001011-26 at 14.

Answer:  **Rashid admits that he was authorized to have his assistants prepare his expense reports. Rashid admits that he was ultimately responsible for any mistakes contained therein. Rashid denies the request insofar as it suggests that either he, or his delegate, were responsible for the proper attribution of the expenses as either fund related or management related expenses.**

58.     Admit that in 2010 Apollo's T&E Policies required employees to certify that they (1) "have read, understood and complied with [Apollo's T&E Policies]"; and (2) "affirm that the reimbursable expenses included in this expense report are valid business expenses."  BDO-Apollo-00001011-26 at 15.

Answer:  **Denied in part and without sufficient knowledge to respond in part.  Rashid is without knowledge based on the passage of time, his ability to access his Apollo emails and files, and his inability to refresh his recollection with the undated Bates document referenced in this request.  Rashid denies that the Bates referenced document either at page 15 or at Bates number BDO-Apollo-0001015 contain the quoted verbiage.**

59.     Admit that in 2010 you signed expense report certifications for your expense reports.

Answer: **Rashid is without sufficient information to admit or deny that he signed expense**

14

report certifications in 2010 based on the passage of time, the inability to access his Apollo emails and files and the inability to refresh his recollection.  Rashid reserves the right to supplement his answer should Plaintiff provide him documents from 2010 it wishes him to review.

60.     Admit that in 2010 you submitted affidavits "to prove the legitimate business purpose" for the business expenses you claimed on your expense reports. APOLLO0041241-546 at 334.

Answer:  Rashid denies that the Bates numbered documents consists solely of an affidavit to prove a legitimate business expense.  Rashid notes that the quoted language is taken out of context and in pertinent part the explanation states "the following information must be provided in order to obtain reimbursement for an out of pocket expense or to prove the legitimate business purpose…"  The referenced document clearly notes that it is submitted for "no receipts."  A review of the actual attachment – which is not supplied in connection with this request, but which is contained in the document supplied for RFA 90 – reflects an itinerary for a trip to Austin in 2010.

61.     Admit that during each year of the Relevant Period, you attended compliance training conducted by Apollo.

Answer:  **Denied.**

62.     Admit that one of the topics included in the compliance training that Apollo conducted during each year of the Relevant Period was Apollo's T&E Policies.

Answer: Rashid is without sufficient knowledge to answer this request.  Rashid did not personally attend compliance training in each year of the Relevant Period and thus has no basis upon which he can currently provide an accurate admission or denial even with his reasonable inquiry.  Rashid reserves the right to supplement his answer should he obtain information in the course of discovery which would permit and accurate admission or denial.

63.     Admit that you signed annual certifications that you had completed compliance training conducted by Apollo.  APOLLO00041624-35.

Answer: Rashid is without sufficient to admit or deny the request owing to the passage of time, his inability to access his Apollo email and files and the fact that the Bates referenced documents does not include such a certification and is, rather, an Annual Compliance Survey for the year ending Dec. 31, 2010.

64.     Admit that during each year of the Relevant Period you were aware of the existence

of Apollo's Employee Handbook. BDO-Apollo-00001027-77.

Answer:  **Admitted in part and denied in part.  Rashid admits that he knew of the existence of an Employee Handbook during parts of the Relevant Period.  Rashid denies the request insofar as the request suggests a specific recollection of his having that awareness at all times during the Relevant Period.**

65.     Admit that during each year of the Relevant Period you were aware of the substance

and content of Apollo's Employee Handbook.  BDO-Apollo-00001027-77.

Answer:  **Admitted in part and denied in part.  Rashid admits that he had general knowledge of the substance and content of Apollo's Employee Handbook.  Rashid denies the request insofar as it suggests that he has a specific recollection of an awareness in each individual year of the Relevant Period of the substance and content of the Employee Handbook**.

66.     Admit that during each year of the Relevant Period you were aware of the existence

of Apollo's Code of Ethics. APOLLO00041624-35.

Answer:  **Admitted in part and denied in part.  Rashid admits that he was aware of general internal ethical provisions being formalized during portions of the Relevant Period.  Rashid denies the request insofar as it suggests an awareness of a stand-alone codification or pinpointed times during the Relevant Period and notes that the Bates numbered referenced documents are not Apollo's Code of Ethics, but rather an Annual Compliance Survey for the year ending Dec. 31, 2018.**

67.     Admit that during each year of the Relevant Period you were aware of the substance

and content of Apollo's Code of Ethics.  APOLLO00041624-35.

Answer:  **Admitted in part and denied in part.  Rashid admits that he was aware of general internal ethical principles during the Relevant Period.  Rashid denies the request insofar as it suggests an awareness of the specifics and language of a stand-alone internal ethical code and notes that the Bates numbered referenced documents are not Apollo's Code of Ethics, but rather an Annual Compliance Survey for the year ending Dec. 31, 2018.**

**B.     Submission of Expense Reports**

68.     Admit that you approved the submission on your behalf of the expense reports that

cover the following time period:

**10/21/2009 – 11/21/2009.  [APOLLO00040970-72]**

**11/08/2009 – 1/31/2010.  [APOLLO00040978-79]**

**11/17/2009 – 3/29/2010.  [APOLLO00040988-89]**

**11/21/2009 – 12/22/2009.  [APOLLO00040975-77]**

**12/12/2009 – 1/10/2010.  [APOLLO00040973-74]**

**12/23/2009 – 1/22/2010.  [APOLLO00040980-82]**

**1/06/2010 – 2/27/2010.  [APOLLO00040983-84]**

**1/23/2010 – 2/22/2010. [APOLLO00040985-87]**

**2/22/2010 – 3/23/2010.  [APOLLO00040990-92]**

**3/01/2010 – 4/19/2010.  [APOLLO00040993-94]**

**3/24/2010 – 5/22/2010.  [APOLLO00040997-41004]**

**4/25/2010 – 6/20/2010.  [APOLLO00041005-06]**

**4/29/2010 – 5/20/2010.  [APOLLO00040995-96]**

**5/24/2010 – 6/22/2010.  [APOLLO00041007-10]**

**6/22/2010 – 7/22/2010.  [APOLLO00041014-17]**

**6/24/2010 – 7/26/2010.  [APOLLO00041011-13]**

**7/06/2010 – 8/28/2010.  [APOLLO00041018-20]**

**7/22/2010 – 8/19/2010.  [APOLLO00041021-24]**

**8/09/2010 – 10/06/2010.  [APOLLO00041025-26]**

**8/18/2010 – 9/22/2010.  [APOLLO00041027-30]**

**9/06/2010 – 11/20/2010.  [APOLLO00041035-36]**

**9/22/2010 – 10/22/2010.  [APOLLO00041031-34]**

**10/06/2010.  [APOLLO00041055]**

**10/21/2010 – 11/22/2010.  [APOLLO00041037-41]**

**11/23/2010 – 12/21/2010.  [APOLLO00041043-46]**

**11/29/2010 – 5/31/2011.  [APOLLO00041076-77]**

**12/02/2010 – 12/18/2010.  [APOLLO00041042]**

**12/11/2010 – 1/18/2011.  [APOLLO00041047-48]**

**12/23/2010 – 4/22/2011.  [APOLLO00041055-70]**

**12/24/2010 – 4/22/2011.  [APOLLO00041071-73]**

**1/04/2011 – 4/27/2011.  [APOLLO00041049-54]**

**1/07/2011 – 1/08/2012.  [APOLLO00041118]**

**1/23/2011 – 3/01/2011.  [APOLLO00041075]**

**2/16/2011 – 7/26/2011.  [APOLLO00041083-84]**

**4/28/2011 – 5/14/2011.  [APOLLO00041074]**

**5/03/2012 – 11/25/2012.  [APOLLO00041180-81]**

**5/31/2011.  [APOLLO00041080]**

**6/07/2011 – 6/21/2011.  [APOLLO00041078-79]**

**7/20/2011 – 7/28/2011.  [APOLLO00041080-81]**

**7/22/2011 – 7/23/2011.  [APOLLO00041082]**

**7/23/2011.  [APOLLO00041087]**

**7/26/2011 – 8/23/2011.  [APOLLO00041085-86]**

**7/28/2011 – 8/24/2011.  [APOLLO00041088-90]**

**8/20/2011 – 10/12/2011.  [APOLLO00041092-93]**

8/29/2011 – 9/26/2011.  [APOLLO00041094-97]

9/24/2011 – 9/28/2011.  [APOLLO00041091]

9/28/2011 – 10/28/2011.  [APOLLO00041098-41101]

10/02/2011 – 12/18/2011.  [APOLLO00041115-17]

10/12/2011 – 11/27/2011.  [APOLLO00041103-08]

10/18/2011.  [APOLLO00041102]

11/21/2011 – 12/24/2011.  [APOLLO00041109-14]

12/29/2011 – 1/23/2012.  [APOLLO00041119-22]

1/01/2012 – 3/12/2012.  [APOLLO00041127-29]

1/24/2012 – 2/25/2012.  [APOLLO00041123-26]

2/07/2012.  [APOLLO00041127]

2/28/2012 – 4/18/2012.  [APOLLO00041130-35]

3/17/2012 – 4/10/2012.  [APOLLO00041136-37]

4/11/2012 – 4/25/2012.  [APOLLO00041138]

4/14/2012 – 4/30/12.  [APOLLO00041140]

4/26/2012 – 4/28/2012.  [APOLLO00041139]

4/30/2012 – 5/14/2012.  [APOLLO00041141-43]

5/07/2012 – 6/08/2012.  [APOLLO00041146-49]

5/25/2012 – 6/02/2012.  [APOLLO00041144-45]

6/04/2012 – 6/15/2012.  [APOLLO00041150]

6/17/2012 – 6/22/2012.  [APOLLO00041151]

6/24/2012 – 6/26/2012.  [APOLLO00041152]

6/28/2012 – 7/06/2012.  [APOLLO00041153-55]

6/30/2012.  [APOLLO00041156]

7/09/2012 – 8/13/2012.  [APOLLO00041157-58]

7/13/2012 – 8/17/2012.  [APOLLO00041159-60]

7/26/2012 – 7/27/2012.  [APOLLO00041161]

8/03/2012 – 8/12/2012.  [APOLLO00041162]

8/19/2012 – 9/07/2012.  [APOLLO00041163-64]

9/13/2012.  [APOLLO00041165]

9/14/2012 – 10/16/2012.  [APOLLO00041169-70]

9/28/2012 – 10/04/2012.  [APOLLO00041167]

10/10/2012 – 10/12/2012.  [APOLLO00041168]

10/11/2012 – 10/24/2012.  [APOLLO00041171-72]

10/17/2012 – 11/16/2012.  [APOLLO00041173-74]

10/17/2012 – 11/30/2012.  [APOLLO00041178-79]

10/23/2012 – 12/07/2012.  [APOLLO00041183-84]

10/28/2012 – 11/23/2012.  [APOLLO00041175-77]

11/08/2012 – 12/09/2012.  [APOLLO00041185-87]

11/19/2012 – 12/17/2012.  [APOLLO00041190-91]

11/22/2012 – 12/10/2012.  [APOLLO00041188-89]

11/29/2012 – 11/30/2012.  [APOLLO00041182]

12/07/2012 – 9/28/2013.  [APOLLO00041233-40]

12/13/2012 – 1/28/2013.  [APOLLO00041204]

12/20/2012 – 12/29/2012.  [APOLLO00041192-93]

12/20/2012 – 1/213/2013.  [APOLLO00041196-98]

12/26/2012 – 1/07/2013.  [APOLLO00041194-95]

1/4/2013 – 1/28/2013.  [APOLLO00041199-41201]

1/18/2013 – 2/01/2013.  [APOLLO00041202-03]

1/22/2013 – 2/11/2013.  [APOLLO00041205-06]

2/12/2013 – 3/01/2013.  [APOLLO00041207-08]

2/15/2013 – 3/15/2013. [APOLLO00041211-13]

2/25/2013.  [APOLLO00041217]

2/25/2013 – 3/26/2013.  [APOLLO00041218]

2/26/2013 – 3/01/2013.  [APOLLO00041209]

3/05/2013 – 3/11/2013.  [APOLLO00041210]

3/11/2013 – 3/18/2013.  [APOLLO00041214-16]

3/20/2013 – 4/11/2013.  [APOLLO00041225]

3/21/2013 – 3/29/2013.  [APOLLO00041219-20]

3/28/2013 – 5/15/2013.  [APOLLO00041228]

3/29/2013 – 4/05/2013.  [APOLLO00041221]

4/03/2013 – 4/17/2013.  [APOLLO00041224]

4/08/2013 – 4/20/2013.  [APOLLO00041222-23]

4/18/2013 – 5/10/2013.  [APOLLO00041227]

5/01/2013.  [APOLLO00041226]

21

**5/01/2013 – 5/21/2013.  [APOLLO00041229-30]**

**5/17/2013 – 6/05/2013.  [APOLLO00041231-32]**

Answer:  **As to each of the above referenced Bates referenced documents, Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him. Rashid does not recognize the referenced document as his expense reports.  Rather, they are Expense Report Accounting Distribution Reports that Rashid did not prepare and does not believe he has seen before. From these documents, Rashid cannot confirm or deny what information was contained on his actual expense reports.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

**C.      Handwriting on Documents**

69.     Admit that the handwritten notes that appear on the following document were made

by you in your handwriting. APOLLO00040819-25 at 19-25.

**Answer:  The document attached to this Request appears to contain multiple handwritings from more than one person made at different times and/or with different writing instruments. After reasonable inspection and analysis of these copies of original questioned documents, Rashid does not recognize the handwriting on this document as his own.  Accordingly, Rashid denies this Request.**

70.     Admit that the handwritten notes that appear on the following document were made

by you in your handwriting. APOLLO00040816-18 at 16-17.

**Answer:  The document attached to this Request appears to contain multiple handwritings from more than one person made at different times and/or with different writing instruments. After reasonable inspection and analysis of these copies of original questioned documents, Rashid does not recognize the handwriting on this document as his own.  Accordingly, Rashid denies this Request.**

71.     Admit that the handwritten notes that appear on the following document were made

by you in your handwriting.  APOLLO00040794-98 at 94-98.

**Answer:  The document attached to this Request appears to contain multiple handwritings from more than one person made at different times and/or with different**

**writing instruments. After reasonable inspection and analysis of these copies of original questioned documents, Rashid does not recognize the handwriting on this document as his own. Accordingly, Rashid denies this Request.**

72.     Admit that the handwritten notes that appear on the following document were made

by you in your handwriting.  APOLLO00040779-82 at 79-82.

**Answer:  The document attached to this Request appears to contain multiple handwritings from more than one person made at different times and/or with different writing instruments. After reasonable inspection and analysis of these copies of original questioned documents, Rashid does not recognize the handwriting on this document as his own.  Accordingly, Rashid denies this Request.**

73.     Admit that the handwritten notes that appear on the following document were made

by you in your handwriting.  APOLLO00040749-52 at 49-51.

**Answer:  The document attached to this Request appears to contain multiple handwritings from more than one person made at different times and/or with different writing instruments. After reasonable inspection and analysis of these copies of original questioned documents, Rashid does not recognize the handwriting on this document as his own.  Accordingly, Rashid denies this Request.**

74.     Admit that the handwritten notes that appear on the following document were made

by you in your handwriting.  APOLLO00040708-13 at 8-12.

**Answer:  The document attached to this Request appears to contain multiple handwritings from more than one person made at different times and/or with different writing instruments. After reasonable inspection and analysis of these copies of original questioned documents, Rashid does not recognize the handwriting on this document as his own.  Accordingly, Rashid denies this Request.**

75.     Admit that the handwritten notes that appear on the following document were made

by you in your handwriting. APOLLO00041241-44 at 42-44.

**Answer:  The document attached to this Request appears to contain multiple handwritings from more than one person made at different times and/or with different writing instruments. After reasonable inspection and analysis of these copies of original questioned documents, Rashid does not recognize the handwriting on this document as his own.  Accordingly, Rashid denies this Request.**

76.     Admit that the handwritten notes that appear on the following document were made

by you in your handwriting. APOLLO00041245-51 at 46-51.

**Answer:  The document attached to this Request appears to contain multiple handwritings from more than one person made at different times and/or with different writing instruments. After reasonable inspection and analysis of these copies of original questioned documents, Rashid does not recognize the handwriting on this document as his own.  Accordingly, Rashid denies this Request.**

77.     Admit that the handwritten notes that appear on the following document were made

by you in your handwriting. APOLLO00041252-55 at 53-55.

Answer: **The document attached to this Request appears to contain multiple handwritings from more than one person made at different times and/or with different writing instruments. After reasonable inspection and analysis of these copies of original questioned documents, Rashid does not recognize the handwriting on this document as his own.  Accordingly, Rashid denies this Request.**

78.     Admit that the handwritten notes that appear on the following document were made

by you in your handwriting. APOLLO00041256-60 at 57-60.

Answer:  **The document attached to this Request appears to contain multiple handwritings from more than one person made at different times and/or with different writing instruments. After reasonable inspection and analysis of these copies of original questioned documents, Rashid does not recognize the handwriting on this document as his own.  Accordingly, Rashid denies this Request.**

79.     Admit that the handwritten notes that appear on the following document were made

by you in your handwriting. APOLLO00041261-64 at 62.

Answer: **Denied.**

80.     Admit that the handwritten notes that appear on the following document were made

by you in your handwriting. APOLLO00041265-70 at 66-70.

Answer:  **The document attached to this Request appears to contain multiple handwritings from more than one person made at different times and/or with different writing instruments. After reasonable inspection and analysis of these copies of original questioned documents, Rashid does not recognize the handwriting on this document as his own.  Accordingly, Rashid denies this Request.**

24

81.     Withdrawn.

82.     Admit that the handwritten notes that appear on the following document were made

by you in your handwriting. APOLLO00041274-80 at 75-80.

Answer: **The document attached to this Request appears to contain multiple handwritings from more than one person made at different times and/or with different writing instruments. After reasonable inspection and analysis of these copies of original questioned documents, Rashid does not recognize the handwriting on this document as his own. Accordingly, Rashid denies this Request.**

83.     Admit that the handwritten notes that appear on the following document were made

by you in your handwriting. APOLLO00041281-86 at 85-86.

Answer: **The document attached to this Request appears to contain multiple handwritings from more than one person made at different times and/or with different writing instruments. After reasonable inspection and analysis of these copies of original questioned documents, Rashid does not recognize the handwriting on this document as his own. Accordingly, Rashid denies this Request.**

84.     Admit that the handwritten notes that appear on the following document were made

by you in your handwriting. APOLLO00041287-92 at 88-92.

Answer: **The document attached to this Request appears to contain multiple handwritings from more than one person made at different times and/or with different writing instruments. After reasonable inspection and analysis of these copies of original questioned documents, Rashid does not recognize the handwriting on this document as his own. Accordingly, Rashid denies this Request.**

85.     Admit that the handwritten notes that appear on the following document were made

by you in your handwriting. APOLLO00041293-97 at 94-97.

Answer: **The document attached to this Request appears to contain multiple handwritings from more than one person made at different times and/or with different writing instruments. After reasonable inspection and analysis of these copies of original questioned documents, Rashid does not recognize the handwriting on this document as his own. Accordingly, Rashid denies this Request.**

86.     Admit that the handwritten notes that appear on the following document were made

by you in your handwriting. APOLLO00041298-309 at 299, 304, 306, 308.

Answer: **The document attached to this Request appears to contain multiple handwritings from more than one person made at different times and/or with different writing instruments. After reasonable inspection and analysis of these copies of original questioned documents, Rashid does not recognize the handwriting on this document as his own. Accordingly, Rashid denies this Request.**

87.    Admit that the handwritten notes that appear on the following document were made by you in your handwriting. APOLLO00041310-15 at 11-15.

Answer: **The document attached to this Request appears to contain multiple handwritings from more than one person made at different times and/or with different writing instruments. After reasonable inspection and analysis of these copies of original questioned documents, Rashid does not recognize the handwriting on this document as his own. Accordingly, Rashid denies this Request.**

88.    Admit that the signature that appears on the following document is yours.

APOLLO00041316-25 at 17.

Answer: **Admitted.**

89.    Admit that the handwritten notes that appear on the following document were made by you in your handwriting. APOLLO00041326-32 at 27-32.

Answer: **The document attached to this Request appears to contain multiple handwritings from more than one person made at different times and/or with different writing instruments. After reasonable inspection and analysis of these copies of original questioned documents, Rashid does not recognize the handwriting on this document as his own. Accordingly, Rashid denies this Request.**

90.    Admit that the signature that appears on the following document is yours.

APOLLO00041333-37 at 34.

Answer: **Admitted.**

91.    Admit that the handwritten notes that appear on the following document were made by you in your handwriting. APOLLO00041338-43 at 39-43.

Answer:  **The document attached to this Request appears to contain multiple handwritings from more than one person made at different times and/or with different writing instruments. After reasonable inspection and analysis of these copies of original questioned documents, Rashid does not recognize the handwriting on this document as his own. Accordingly, Rashid denies this Request.**

92.    Admit that the signature that appears on the following document is yours.

APOLLO00041344-53 at 45.

Answer:  **The document attached to this Request appears to contain multiple handwritings from more than one person made at different times and/or with different writing instruments. There are also multiple variations of inconsistent signatures that purport to by those of Rashid. After reasonable inspection and analysis of these copies of original questioned documents, Rashid cannot determine whether the signatures on this document are his. Accordingly, Rashid denies this Request.**

93.    Admit that the handwritten notes that appear on the following document were made

by you in your handwriting. APOLLO00041354-60 at 57-60.

Answer:  **The document attached to this Request appears to contain multiple handwritings from more than one person made at different times and/or with different writing instruments. After reasonable inspection and analysis of these copies of original questioned documents, Rashid does not recognize the handwriting on this document as his own. Accordingly, Rashid denies this Request.**

94.    Admit that the signature that appears on the following document is yours.

APOLLO00041361-76 at 62.

Answer:  **Denied.**

95.    Admit that the signature that appears on APOLLO00041378 is yours and that the

handwritten notes on APOLLO00041379-90 were made by you in your handwriting.

APOLLO00041377-90 at 78, 87, 89.

Answer:  **The document attached to this Request appears to contain multiple handwritings from more than one person made at different times and/or with different writing instruments. After reasonable inspection and analysis of these copies of original questioned documents, Rashid denies the signature on APOLLO00041378 is his. Rashid does not recognize the handwriting on this document as his own. Accordingly, Rashid denies that the**

**handwritten notes on this document were made by him in his handwriting.**

96.    Admit that the handwritten notes that appear on the following document were made

by you in your handwriting. APOLLO00041391-95 at 92-95.

Answer:  **The document attached to this Request appears to contain multiple
handwritings from more than one person made at different times and/or with different writing
instruments. After reasonable inspection and analysis of these copies of original questioned
documents, Rashid does not recognize the handwriting on this document as his
own.  Accordingly, Rashid denies this Request.**

97.    Admit that the signature that appears on APOLLO00041397 is yours and that the

handwritten notes on APOLLO00041398-428 were made by you in your handwriting.

APOLLO00041396-428 at 397, 398-400.

Answer:  **The document attached to this Request appears to contain multiple
handwritings from more than one person made at different times and/or with different writing
instruments. After reasonable inspection and analysis of these copies of original questioned
documents, Rashid denies that the signature on APOLLO00041397 is his.  Rashid does not
recognize the handwriting on this document as his own.  Accordingly, Rashid denies this
Request.**

98.    Admit that the handwritten notes that appear on the following document were made

by you in your handwriting. APOLLO00041429-30 at 29-30.

Answer:  **The document attached to this Request appears to contain multiple
handwritings from more than one person made at different times and/or with different writing
instruments. After reasonable inspection and analysis of these copies of original questioned
documents, Rashid does not recognize the handwriting on this document as his
own.  Accordingly, Rashid denies this Request.**

99.    Admit that the signature that appears on APOLLO00041432 is yours and that the

handwritten notes on APOLLO00041433-50 were made by you in your handwriting.

APOLLO00041431-50 at 32-35.

Answer:  **The document attached to this Request appears to contain multiple
handwritings from more than one person made at different times and/or with different writing
instruments.  There are also multiple variations of inconsistent signatures that purport to by**

those of Rashid.  **After reasonable inspection and analysis of these copies of original questioned documents, Rashid denies that the signature on APOLLO00041432 is his.  Rashid does not recognize the handwriting on this document as his own.  Accordingly, Rashid denies that the handwritten notations were made by him in his handwriting.**

100.   Admit that the handwritten notes that appear on the following document were made by you in your handwriting. APOLLO00041451-57 at 52-57

Answer:  **The document attached to this Request appears to contain multiple handwritings from more than one person made at different times and/or with different writing instruments. After reasonable inspection and analysis of these copies of original questioned documents, Rashid does not recognize the handwriting on this document as his own. Accordingly, Rashid denies this Request.**

101.   Admit that the handwritten notes that appear on the following document were made by you in your handwriting. APOLLO00041458-71 at 59-71.

Answer:  **The document attached to this Request appears to contain multiple handwritings from more than one person made at different times and/or with different writing instruments. After reasonable inspection and analysis of these copies of original questioned documents, Rashid does not recognize the handwriting on this document as his own. Accordingly, Rashid denies this Request.**

102.   Admit that the handwritten notes that appear on the following document were made by you in your handwriting. APOLLO00041477-88 at 78-85.

Answer:  **The document attached to this Request appears to contain multiple handwritings from more than one person made at different times and/or with different writing instruments. After reasonable inspection and analysis of these copies of original questioned documents, Rashid does not recognize the handwriting on this document as his own. Accordingly, Rashid denies this Request.**

103.   Admit that the handwritten notes that appear on the following document were made by you in your handwriting. APOLLO00041489-97 at 90.

Answer:  **The document attached to this Request appears to contain multiple handwritings from more than one person made at different times and/or with different writing instruments. After reasonable inspection and analysis of these copies of original questioned documents, Rashid does not recognize the handwriting on this document as his**

own. **Accordingly, Rashid denies this Request.**

104.    Admit that the handwritten notes that appear on the following document were made

by you in your handwriting. APOLLO00041498-500 at 499-500.

Answer: **The document attached to this Request appears to contain multiple handwritings from more than one person made at different times and/or with different writing instruments. After reasonable inspection and analysis of these copies of original questioned documents, Rashid does not recognize the handwriting on this document as his own. Accordingly, Rashid denies this Request.**

105.    Admit that the signature that appears on APOLLO00041504 is yours and that the handwritten notes on APOLLO00041504-06 were made by you in your handwriting. APOLLO00041503-06 at 4-5.

Answer: **Denied.**

106.    Admit that the handwritten notes that appear on the following document were made

by you in your handwriting. APOLLO00041507-09 at 7-9.

Answer: **The document attached to this Request appears to contain multiple handwritings from more than one person made at different times and/or with different writing instruments. After reasonable inspection and analysis of these copies of original questioned documents, Rashid does not recognize the handwriting on this document as his own. Accordingly, Rashid denies this Request.**

107.    Admit that the handwritten notes that appear on the following document were made

by you in your handwriting. APOLLO00041510-12 at 11-12.

Answer: **The document attached to this Request appears to contain multiple handwritings from more than one person made at different times and/or with different writing instruments. After reasonable inspection and analysis of these copies of original questioned documents, Rashid does not recognize the handwriting on this document as his own. Accordingly, Rashid denies this Request.**

108.    Admit that the handwritten notes that appear on the following document were made

by you in your handwriting. APOLLO00041516-18 at 17-18.

Answer: **The document attached to this Request appears to contain multiple handwritings from more than one person made at different times and/or with different writing**

instruments. **After reasonable inspection and analysis of these copies of original questioned documents, Rashid does not recognize the handwriting on this document as his own. Accordingly, Rashid denies this Request.**

109.    Admit that the handwritten notes that appear on the following document were made by you in your handwriting. APOLLO00041519-25 at 22-25.

Answer:  **The document attached to this Request appears to contain multiple handwritings from more than one person made at different times and/or with different writing instruments. After reasonable inspection and analysis of these copies of original questioned documents, Rashid does not recognize the handwriting on this document as his own. Accordingly, Rashid denies this Request.**

110.    Admit that the handwritten notes that appear on the following document were made by you in your handwriting. APOLLO00041526-30 at 30.

Answer:  **Denied.**

111.    Admit that the handwritten notes that appear on the following document were made by you in your handwriting. APOLLO00041531-37 at 32, 34-35.

Answer:  **Denied.**

112.    Admit that the handwritten notes that appear on the following document were made by you in your handwriting. APOLLO00041538-48 at 39-42, 44.

Answer:  **The document attached to this Request appears to contain multiple handwritings from more than one person made at different times and/or with different writing instruments. After reasonable inspection and analysis of these copies of original questioned documents, Rashid does not recognize the handwriting on this document as his own. Accordingly, Rashid denies this Request.**

113.    Admit that the handwritten notes that appear on the following document were made by you in your handwriting. APOLLO00004273-74 at 74.

Answer:  **Denied.**

**D.    Credit Card Charges for Personal Services, Consumer Retail and Realtor Expenses**

114.    Admit that during 2010 some of your expense reports included charges for personal

grooming services that you received at a hair salon named La Contessa. APOLLO00040970-1240 at

970, 975, 981, 990, 999, 1003, APOLLO00040807-15 at 9, APOLLO00040784-93 at 86.

Answer: **Denied.**

115.    Admit that the "Long Descriptions" in APOLLO00043571 were descriptions that you

provided to your various assistants to enter into the Apollo expense report system.

Answer:        **Neither admitted nor denied.  Rashid OBJECTS to this Request as a
response would necessarily require him to disclose attorney client, work product and/or
privileged settlement and compromise communications.  In so objecting, Rashid notes that the
quoted language, and the document provided as a reference was generated during the course
of privileged settlement communications.**

116.    Admit that during 2010 you claimed in expense reports that La Contessa was a

restaurant and that La Contessa charges were business-related "meals with management," of Apollo-

advised portfolio companies. APOLLO00040970-1240 at 981, 990, 999, 1003, APOLLO00040807-

15 at 9, APOLLO00040784-93 at 86.

Answer: **Denied.**

117.    Admit that during 2010 your expense reports included charges for approximately

$5,000 in New York City apartment realtor expense that was characterized as a business related

expense for "research reports." APOLLO00040970-1240 at 991-992.

Answer:   **Rashid is without sufficient information to provide a definite response to this
request owing to the passage of time and the inability to supplement and refresh his recollection
with information currently available to him.  Rashid does not recognize the attached document
as one of his expense reports.  Rather, it is an Expense Report Accounting Distribution Report
that Rashid did not prepare and does not believe he has seen before. From this document,
Rashid cannot confirm or deny what information was contained on his actual expense reports.
Rashid reserves the right to supplement his answer should he obtain additional information
through the discovery process which refreshes his recollection of these events and permits an
accurate admission or denial.**

118.    Admit that the approximately $5,000 in New York City apartment realtor expense was

your personal expense and was not related to business on behalf of any Apollo-advised private equity

fund or any Portfolio Company. APOLLO00040970-1240 at 991-992.

> Answer: **Admit apartment realtor expenses incurred by Rashid were personal.**

119.   Admit that one of your expense reports included $2,300 in charges made on your

Apollo corporate credit card at the Apple Store in May 2010 that was characterized as business-

related "IPO gifts." APOLLO00040970-1240 at 1003-1004.

> Answer:   **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid does not recognize the attached document as one of his expense reports.  Rather, it is an Expense Report Accounting Distribution Report that Rashid did not prepare and does not believe he has seen before.  From this document, Rashid cannot confirm or deny what information was contained on his actual expense reports. Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

120.   Admit that the $2,300 in charges made on your Apollo corporate credit card at the

Apple Store in May 2010 were personal expenses and not for business-related "IPO gifts.

APOLLO00040970-1240 at 1003-1004.

> Answer: **Admitted in part and denied in part.  Admitted the charges were not ultimately used for IPO gifts.  Denied that these charges were personal expenses, as they were business related.**

121.   Admit that in in 2010 one of your expense reports included a $965 charge made on

your Apollo corporate credit card for your purchase of clothing at Ermenegildo Zegna ("Zegna")

in June 2010 that were characterized as a business-related "client gift." APOLLO00041316-25.

> Answer:   **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid does not recognize the attached document as one of his expense reports.  Rather, it is an Expense Report Accounting Distribution Report that Rashid did not prepare and does not believe he has seen before.  From this document, Rashid cannot confirm or deny what information was contained on his actual expense reports.**

33

**Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

122.    Admit that the $965 Zegna charge was not a business-related "client gift."

Answer:   **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.   Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

123.    Admit that in September 2010 you told Apollo management personnel that the $965 Zegna charge made on your Apollo corporate credit card was for clothing you purchased for 15 specific portfolio company executives to celebrate the company's IPO.

Answer: **Denied.**

124.    Admit that the $965 Zegna charge made on your Apollo corporate credit card was not associated with any gifts that you had given to portfolio company executives.

Answer:   **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.   Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

125.    Admit that in July 2010 one of your expense reports included $1,265 in Zegna charges made on your Apollo corporate credit card that were characterized as "office gifts" for Apollo-advised portfolio company executives. APOLLO00041241-546 at 350.

Answer:   **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.   Rashid does not recognize the attached document as one of his expense reports.   Rather, it is an Expense Report Accounting Distribution Report that Rashid did not prepare and does not believe he has seen before.   From this document, Rashid cannot confirm or deny what information was contained on his actual expense reports. Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

126.   Admit that the $1,265 Zegna charge made on your Apollo corporate credit card was a

personal expense and not a business-related expense for "office gifts" for Apollo-advised portfolio

company executives.

Answer:   **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.   Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

127.   Admit that during 2010 one of your expense reports characterized a $275 charge at

Bliss Spa made on your Apollo corporate credit card as being for "a missed appointment due to

[portfolio company] conference call that ran over – no last minute cancellations."

APOLLO00040784-93 at 87.

Answer:   **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.   Rashid does not recognize the attached document as one of his expense reports.   Rather, it is an Expense Report Accounting Distribution Report that Rashid did not prepare and does not believe he has seen before.   From this document, Rashid cannot confirm or deny what information was contained on his actual expense reports.   Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

128.   Admit that the $275 charge at Bliss Spa was for approximately $75 in services

provided to your sister Erem Rashid and an approximately $200 gift card used for your personal

purposes.

Answer:   **Denied.**

129.   Admit that in December 2010 you emailed an Apollo compliance officer to request

pre-approval to purchase holiday gifts for 26 specific portfolio company executives and submit the

resulting expense as a business expense. APOLLO00004526-27.

Answer: **Admitted.**

130.    Admit that the compliance officer approved your request to give holiday gifts to 26 specific portfolio company executives. APOLLO00004446-48.

Answer: **Admitted.**

131.    Admit that you did not give holiday gifts to the 26 specific portfolio company executives identified in your request to the compliance officer for pre-approval.

Answer: **Admitted.**

132.    Admit that in December 2010 or January 2011, you charged approximately $3,800 to your Apollo corporate credit card for personal items from Zegna that were unrelated to any business-related purpose. APOLLO00040051-82 at 53.

Answer: **Admitted in part and denied in part. Admitted that approximately $3,800 was charged to Rashid's Apollo credit card at Zegna during the time frame. Denied that Rashid knowingly charged any personal items to the Apollo card or was aware the charges had been made.**

133.    Admit that the approximately $3,800 in Zegna charges referenced in RFA #132 above was characterized as business-related expenses in your expense reports. APOLLO00040970-1240 at 1071.

Answer: **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him. Rashid does not recognize the attached document as one of his expense reports. Rather, it is an Expense Report Accounting Distribution Report that Rashid did not prepare and does not believe he has seen before. From this document, Rashid cannot confirm or deny what information was contained on his actual expense reports. Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

134.    Admit that in December 2010 or January 2011, you charged approximately $800 to your Apollo corporate credit card for personal items from the Apple Store that was unrelated to any

business-related purpose. APOLLO00040970-1240 at 1003-1004.

Answer:  **Denied.**

135.    Admit that the approximately $800 in Apple Store charges referenced in RFA #134

above were characterized as business-related expenses in your expense reports. APOLLO00040970-

1240 at 1003-1004.

Answer:  **Rashid is without sufficient information to provide a definite response to this**
**request owing to the passage of time and the inability to supplement and refresh his recollection**
**with information currently available to him.  Rashid does not recognize the attached document**
**as one of his expense reports.  Rather, it is an Expense Report Accounting Distribution Report**
**that Rashid did not prepare and does not believe he has seen before.  From this document,**
**Rashid cannot confirm or deny what information was contained on his actual expense reports.**
**Rashid reserves the right to supplement his answer should he obtain additional information**
**through the discovery process which refreshes his recollection of these events and permits an**
**accurate admission or denial.**

136.    Admit that you charged approximately $99.55 in gift expenses from Silver Oak to

your Apollo-supplied American Express card on or about January 3, 2012. APOLLO00040970-1240

at 1119.

137.    Answer:  **Admitted.**

138.    Admit that you did not give Lourenco Goncalves a gift from Silver Oak for which you

charged approximately $99.55 in expenses to your Apollo-supplied American Express card for gifts

on or about January 3, 2012.

Answer:  **Denied.**

139.    Admit that the approximately $99.55 in gift expenses incurred on or about January 3,

2012 at Silver Oak was characterized as a business-related gift for Lourenco Goncalves in your

expense reports. APOLLO00040970-1240 at 1119.

Answer:  **Rashid is without sufficient information to provide a definite response to this**

**request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid does not recognize the attached document as one of his expense reports.  Rather, it is an Expense Report Accounting Distribution Report that Rashid did not prepare and does not believe he has seen before.  From this document, Rashid cannot confirm or deny what information was contained on his actual expense reports. Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

140.   Admit that in January 2012, you sought approval from Apollo's compliance department to purchase "holiday gifts" at Zegna and Bliss Spa for a list of 38 portfolio company executives, representing that you would "stay at the limit of $100 per person" and purchase "Zegna ties for the men and Bliss gift cards for the women."

Answer:  **Admitted in part and denied in part.  Admitted insofar as Rashid acknowledges that he sought the approval described in the request and denied insofar as the Request suggests he has a specific recollection of the quoted language.**

141.   Admit that Apollo's compliance department approved your January 2012 request to purchase "holiday gifts" at Zegna and Bliss Spa for a list of portfolio company executives.

Answer:  **Admitted in part and denied in part.  Admitted insofar as Rashid acknowledges that he received the approval described in the request and denied insofar as the Request suggests he has a specific recollection of the quoted language.**

141.   Admit that on April 27, 2012, you used your Apollo-supplied American Express card to charge approximately $3,500 at Zegna. APOLLO00040970-1240 at 1071.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

142.   Admit that the approximately $3,500 in Zegna expenses incurred on April 27, 2012 as referenced above was characterized as business-related expense in your expense reports and allocated to be billed to Apollo-advised clients. APOLLO40970-1240 at 1139.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid does not recognize the attached document as one of his expense reports.  Rather, it is an Expense Report Accounting Distribution Report that Rashid did not prepare and does not believe he has seen before.  From this document, Rashid cannot confirm or deny what information was contained on his actual expense reports.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

143.   Admit that the approximately $3,500 in Zegna expense on April 27, 2012 was not for the purchase of holidays gifts for portfolio company executives and had no business purpose.

Answer: **Admitted.**

144.   Admit that you did not give ties from Zegna to the 35 portfolio company executives you listed on your request for preapproval to compliance in 2012.

Answer: **Admitted.**

145.   Admit that in February 2012, you used your Apollo-supplied American Express card to charge approximately $400 at Bliss Spa. APOLLO00040140-45 at 43.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

146.   Admit that the approximately $400 in Bliss Spa expenses incurred in February 2012 was characterized as business-related expense in your expense reports and allocated to be billed to Apollo-advised clients. APOLLO00040970-1240 at 1127.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid does not recognize the attached document as one of his expense reports.  Rather, it is an Expense Report Accounting Distribution Report that Rashid did not prepare and does not believe he has seen before.  From this document, Rashid cannot confirm or deny what information was contained on his actual expense reports.**

**Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

147.   Admit that the approximately $400 in Bliss Spa expenses in February 2012 as referenced in RFA #146 above was not for the purchase of holidays gifts for portfolio company executives.

Answer: **Denied.**

148.   Admit that you did not give Bliss Spa gift cards to any portfolio company executives in 2012.

Answer: **Admitted.**

149.   Admit that on the same day that you made the approximately $3,500 purchase at Zegna, as referenced in RFA #142 above you forwarded to your assistant at Apollo the compliance department's email approving the purchase of "Zegna ties for the men and Bliss gift cards for the women."

Answer: **Admitted in part and denied in part.  Admitted that Rashid forwarded an email to his assistant regarding approval of the purchase of gifts.  Denied insofar as the Request suggests that Rashid personally purchased any items or that he has a specific recollection of the quoted language.**

150.   Admit that in May 2012 your assistant at Apollo asked you whether the $3,500 Zegna charge from April 27, 2012 that was shown on a draft of your expense report should be classified as personal expense.

Answer: **Denied.**

151.   Admit that in May 2012 you told your assistant at Apollo that the $3,500 Zegna charge from April 27, 2012 that was shown on a draft of your expense report was business expense that should be allocated to certain Apollo-advised private equity funds.

Answer: **Denied.**

40

152.    Admit that you annotated a draft of your expense report to indicate that the $3,500

Zegna charge was a business expense.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

153.    Admit that your assistant at Apollo subsequently called Zegna to obtain a receipt for

the approximately $3,500 charge you made on April 27, 2012.

Answer:  **Rashid is without sufficient information to provide a definite response to this request.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

154.    Admit that Zegna faxed to your assistant at Apollo a receipt for the approximately

$3,500 charge you made on April 27, 2012.

Answer:  **Rashid is without sufficient information to provide a definite response to this request.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

155.    Admit that the receipt that Zegna faxed to your assistant at Apollo indicated that the

approximately $3,500 charge you made on April 27, 2012 was for the purchase of a suit for your

father.

Answer:  **Rashid is without sufficient information to provide a definite response to this request. Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

156.    Admit that you subsequently telephoned your assistant at Apollo told her that the

receipt which Zegna had faxed to her was wrong and that you would send her the correct receipt.

Answer: **Denied.**

157.    Admit that you subsequently emailed to your assistant at Apollo a form receipt from

Zegna that was blank except for the handwritten notation "35 ties for gifts...$3,500."

APOLLO00004273-74.

Answer**: Admitted in part and without sufficient knowledge to answer in part. Admitted that Rashid forwarded an unopened email to his assistant from Zegna. Rashid is without sufficient knowledge to admit to the content of the forwarded email.**

158.    Admit that the receipt that you emailed to your assistant at Apollo was prepared after

you became aware of the receipt that Zegna had previously faxed to her.

Answer: **Rashid is without sufficient information to provide a definite response to this request. Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

159.    Admit that you prepared the receipt that you emailed to your assistant at Apollo after

you became aware of the receipt that Zegna had previously faxed to her.

Answer: **Denied.**

160.    Admit that the handwritten notation on the Zegna receipt that you emailed to your

assistant in May 2012 was your handwriting.

Answer: **Denied.**

161.    Admit that the handwritten notation on the receipt that you emailed to your

assistant was affixed at your request.

Answer: **Denied.**

**E.    Credit Card Charges for Personal Meals, Entertainment and Travel in 2009**

162.    Admit that you charged approximately $415 to your Apollo-supplied American

Express card for expenses for a trip to a bed and breakfast at the New Jersey shore with Farah Khan

in July 2009. APOLLO00042109-13 at 12.

> Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

163.    Admit that the trip to a bed and breakfast at the New Jersey shore with Farah Khan that you charged to your Apollo corporate credit card in July 2009 did not have a business purpose.

> Answer: **Denied.**

164.    Admit that you did not do any business on behalf of or concerning Apollo-advised funds during your trip to a bed and breakfast at the New Jersey shore with Farah Khan in July 2009.

> Answer: **Denied.**

165.    Admit that the approximately $415 in expenses for your trip to a bed and breakfast at the New Jersey shore with Farah Khan in July 2009 as referenced above was characterized as business-related expense in your expense reports. APOLLO00042109-13 at 12.

> Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid does not recognize the attached document as one of his expense reports.  Rather, it is an Expense Report Accounting Distribution Report that Rashid did not prepare and does not believe he has seen before.  From this document, Rashid cannot confirm or deny what information was contained on his actual expense reports. Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

**F.    Credit Card Charges for Personal Meals, Entertainment and Travel in 2010**

166.    Admit that you charged approximately $4,091.16 in air to your Apollo-supplied American Express card for air fare expense for a trip to Cancun, Mexico with Farah Khan over the New Year's holiday in January 2010. APOLLO00040091-93 at 91-92.

> Answer: **Denied.**