<u>Answer</u>:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid does not recognize the attached document as one of his expense reports.  Rather, it is an Expense Report Accounting Distribution Report that Rashid did not prepare and does not believe he has seen before.  From this document, Rashid cannot confirm or deny what information was contained on his actual expense reports. Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

291.    Admit that you charged approximately $112.35 in meal expenses to your Apollo-supplied American Express card for a meal on or about May 30, 2011 at The Ocean House in Spring Lake, New Jersey.  BDO-Apollo-00000503-509 at 505.

<u>Answer</u>:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.   Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

292.    Admit that you did not do any business on behalf of or concerning Apollo-advised funds during the meal for which you charged approximately $112.35 in meal expenses to your Apollo-supplied American Express card for a meal on or about May 30. 2011 at The Ocean House in Spring Lake, New Jersey.

<u>Answer</u>:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.   Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

293.    Admit that the meal for which you charged approximately $112.25 in meal expenses to your Apollo-supplied American Express card for a meal on or about May 30. 2011 at The Ocean House in Spring Lake, New Jersey was for your dinner with Farah Khan.

<u>Answer</u>:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.   Rashid reserves the right to supplement his**

**answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

294.   Admit that the approximately $112.35 in meals expense incurred on or about May 30, 2011 at The Ocean House in Spring Lake, New Jersey characterized as business-related expense in your expense reports. BDO-Apollo-00000503-509 at 505.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him. The document attached is not a credit card statement or Rashid's expense reports from which Rashid can refresh his recollection. Rather, it is a spreadsheet prepared and/or produced by others purporting to classify various of Rashid's expenses. From this document, Rashid cannot confirm or deny what information was contained on his actual expense reports.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

295.   Admit that you charged approximately $95.08 in meal expenses to your Apollo-supplied American Express card for a meal on or about June 8, 2011 at a restaurant owned by Rambla LLC. BDO-Apollo-00000135.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Moreover, Rashid does not recognize the name Rambla, LLC, and the name of the restaurant at which a meal was supposedly charged is not identified.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

296.   Admit that you did not do any business on behalf of or concerning Apollo-advised funds during the meal for which you charged approximately $95.08 in meal expenses to your Apollo-supplied American Express card for a meal on or about June 8, 2011 at a restaurant owned by Rambla LLC.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Moreover, Rashid does not recognize the name Rambla, LLC, and the name of the restaurant at which a meal was supposedly charged is not**

81

**identified.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

297.    Admit that the meal for which you charged approximately $95.08 in meal

expenses to your Apollo-supplied American Express card for a meal on or about June 8, 2011 at

a restaurant owned by Rambla LLC was for a personal meal and Gary Enzor was not there.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Moreover, Rashid does not recognize the name Rambla, LLC, and the name of the restaurant at which a meal was supposedly charged is not identified.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

298.    Admit that the approximately $95.08 in meals expense incurred on or about June 8,

2011 at a restaurant owned by Rambla LLC was characterized as business-related meal with Gary

Enzor in your expense reports. BDO-Apollo-00000135.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him. The document attached is not a credit card statement or Rashid's expense reports from which Rashid can refresh his recollection. Rather, it is a spreadsheet prepared and/or produced by others purporting to classify various of Rashid's expenses. From this document, Rashid cannot confirm or deny what information was contained on his actual expense reports. Moreover, Rashid does not recognize the name Rambla, LLC, and the name of the restaurant at which a meal was supposedly charged is not identified.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

299.    Admit that you charged approximately $168.80 in meal expenses to your Apollo-

supplied American Express card for a meal on or about June 13, 2011 at AD Wine Corp. BDO-

Apollo-00000503-509 at 506.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Moreover, Rashid does not recognize the name AD Wine Corp., and the name of the restaurant at which a meal was supposedly charged is not**

**identified.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

300.    Admit that you did not do any business on behalf of or concerning Apollo-advised

funds during the meal for which you charged approximately $168.80 in meal expenses to your

Apollo-supplied American Express card for a meal on or about June 13, 2011 at AD Wine Corp.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Moreover, Rashid does not recognize the name AD Wine Corp., and the name of the restaurant at which a meal was supposedly charged is not identified.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

301.    Admit that the meal for which you charged approximately $168.80 in meal

expenses to your Apollo-supplied American Express card for a meal on or about June 13, 2011 at

AD Wine Corp. was for a personal meal and that Tony Hull was not there.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Moreover, Rashid does not recognize the name AD Wine Corp., and the name of the restaurant at which a meal was supposedly charged is not identified.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

302.    Admit that the approximately $168.80 in meals expense incurred on or June 13,

2011 at AD Wine Corp. was characterized as business-related meal with Tony Hull in your

expense reports.  BDO-Apollo-00000503-509 at 506.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him. The document attached is not a credit card statement or Rashid's expense reports from which Rashid can refresh his recollection.  Rather, it is a spreadsheet prepared and/or produced by others purporting to classify various of Rashid's expenses. From this document, Rashid cannot confirm or deny what information was contained on his actual expense reports. Moreover, Rashid does not recognize the name AD**

**Wine Corp., and the name of the restaurant at which a meal was supposedly charged is not identified.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

303.    Admit that you charged approximately $135.41 in expenses to your Apollo-supplied American Express card for a meal on or about June 15, 2011.  APOLLO40970-1240 at 1076-77.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  The document excerpts referenced in this request do not contain any charges dated June 15, 2011.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

304.    Admit that you did not do any business on behalf of or concerning Apollo-advised funds during your meal on or about June 15, 2011.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

305.    Admit that the meal on or about June 15, 2011 for which you charged approximately $135.41 to your Apollo-supplied American Express card was your dinner with Farah Khan.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

306.    Admit that the approximately $135.41 in meals expense on or about June 15, 2011 that you charged to your Apollo-supplied American Express card was characterized as business-related expense in your expense report.  BDO-Apollo-00000503-509 at 507.

<u>Answer</u>:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him. The document attached is not a credit card statement or Rashid's expense reports from which Rashid can refresh his recollection. Rather, it is a spreadsheet prepared and/or produced by others purporting to classify various of Rashid's expenses. From this document, Rashid cannot confirm or deny what information was contained on his actual expense reports.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

307.   Admit that you charged approximately $359.37 in meal expenses to your Apollo-supplied American Express card for a meal on or about June 16, 2011 at the Hudson Restaurant.

BDO-Apollo-00000503-509 at 507.

<u>Answer</u>:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

308.   Admit that you did not do any business on behalf of or concerning Apollo-advised funds during the meal for which you charged approximately $359.37 in meal expenses to your Apollo-supplied American Express card for a meal on or about June 16, 2011 at the Hudson Restaurant.

<u>Answer</u>:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

309.   Admit that the meal for which you charged approximately $359.37 in meal expenses to your Apollo-supplied American Express card for a meal on or about June 16, 2011 at the Hudson Restaurant was for your dinner with Chirag Shah and other personal friends.

<u>Answer</u>:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid reserves the right to supplement his**

**answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

310.    Admit that the approximately $359.37 in meals expense incurred on or about June 16, 2011 at the Hudson Restaurant was characterized as business-related expense in your expense reports. BDO-Apollo-00000503-509 at 507.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him. The document attached is not a credit card statement or Rashid's expense reports from which Rashid can refresh his recollection. Rather, it is a spreadsheet prepared and/or produced by others purporting to classify various of Rashid's expenses. From this document, Rashid cannot confirm or deny what information was contained on his actual expense reports. Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

311.    Admit that you charged approximately $199.93 in meal expenses to your Apollo-supplied American Express card for a meal on or about June 21, 2011 at a restaurant owned by Cerulean Management LLC. BDO-Apollo-00000136.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him. Moreover, Rashid does not recognize the name Cerulean Management, LLC, and the name of the restaurant at which a meal was supposedly charged is not identified. Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

312.    Admit that you did not do any business on behalf of or concerning Apollo-advised funds during the meal for which you charged approximately $199.93 in meal expenses to your Apollo-supplied American Express card for a meal on or about June 21, 2011 at a restaurant owned by Cerulean Management LLC.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him. Moreover, Rashid does not recognize the name Cerulean Management, LLC, and the name of the restaurant at which a meal was supposedly charged is not identified. Rashid reserves the right to supplement his answer should he obtain**

**additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

313.    Admit that the meal for which you charged approximately $199.93 in meal expenses to your Apollo-supplied American Express card for a meal on or about June 21, 2011 at a restaurant owned by Cerulean Management LLC was for a personal meal and Joe Troy was not there.

Answer:   **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Moreover, Rashid does not recognize the name Cerulean Management, LLC, and the name of the restaurant at which a meal was supposedly charged is not identified.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

314.    Admit that the approximately $199.93 in meals expense incurred on or about June 21, 2011 at a restaurant owned by Cerulean Management LLC was characterized as business-related meal with Joe Troy in your expense reports. BDO-Apollo-00000136.

Answer:   **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him. The document attached is not a credit card statement or Rashid's expense reports from which Rashid can refresh his recollection.  Rather, it is a spreadsheet prepared and/or produced by others purporting to classify various of Rashid's expenses. From this document, Rashid cannot confirm or deny what information was contained on his actual expense reports. Moreover, Rashid does not recognize the name Cerulean Management, LLC, and the name of the restaurant at which a meal was supposedly charged is not identified.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

315.    Admit that you charged approximately $73.80 in expenses to your Apollo-supplied American Express card on or about June 22, 2011 for sundries at the Coffee Shop. BDO-Apollo-00000132-38 at 36.

Answer:   **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid reserves the right to supplement his**

**answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

316.    Admit that the expense for which you charged approximately $73.80 to your

Apollo-supplied American Express card on or about June 22, 2011 was for sundries at the Coffee

Shop that you purchased for yourself, Chirag Shah and Farah Khan.

Answer:   **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

317.    Admit that you did not do any business on behalf of or concerning Apollo-advised

funds during the visit when you charged approximately $73.80 to your Apollo-

supplied American Express card on or about June 22, 2011.

Answer:   **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

318.    Admit that the approximately $73.80 that you charged t o  your Apollo-supplied

American Express card on or about June 22, 2011 was characterized as business-related expense in

your expense reports. BDO-Apollo-00000132-38 at 36.

Answer:   **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him. The document attached is not a credit card statement or Rashid's expense reports from which Rashid can refresh his recollection. Rather, it is a spreadsheet prepared and/or produced by others purporting to classify various of Rashid's expenses. From this document, Rashid cannot confirm or deny what information was contained on his actual expense reports.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

319.    Admit that you charged approximately $93.77 in meals expense at Fig & Olive to

your Apollo-supplied American Express card on or about June 29, 2011.   BDO-Apollo-

00000132-38 at 36.

    <u>Answer</u>:   **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

    320.   Admit that the approximately $93.77 in meals expense at Fig & Olive that you

charged to your Apollo-supplied American Express card on or about June 29, 2011was for a

meal that you purchased for yourself, Farah Khan, Huma Khan and Matt Thompson.

    <u>Answer</u>:   **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

    321.   Admit that you did not do any business on behalf of or concerning Apollo-advised

funds during the meal at Fig & Olive for which you charged approximately $93.77 to your Apollo-

supplied American Express card for a meal on or about June 29, 2011.

    <u>Answer</u>:   **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

    322.   Admit that the approximately $93.77 in meals expense incurred on or about June

29, 2011 at Fig & Olive was characterized as business-related expense in your expense reports.

BDO-Apollo-00000132-38 at 36.

    <u>Answer</u>:   **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him. The document attached is not a credit card statement or Rashid's expense reports from which Rashid can refresh his recollection.  Rather, it is a spreadsheet prepared and/or produced by others purporting to classify various of**

**Rashid's expenses. From this document, Rashid cannot confirm or deny what information was contained on his actual expense reports.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

323.    Admit that you charged approximately $197.92 in meal expenses to your Apollo-supplied American Express card for a meal on or about July 9, 2011 at Chinois on Main. BDO-Apollo-00000137.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

324.    Admit that you did not do any business on behalf of or concerning Apollo-advised funds during the meal for which you charged approximately $197.92 in meal expenses to your Apollo-supplied American Express card for a meal on or about July 9, 2011 at Chinois on Main.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

325.    Admit that the meal for which you charged approximately $197.92 in meal expenses to your Apollo-supplied American Express card for a meal on or about July 9, 2011 at Chinois on Main was for a personal meal and Gary Enzor was not there.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

326.    Admit that the approximately $197.92 in meals expense incurred on or about July 9, 2011 at Chinois on Main was characterized as business-related meal with Gary Enzor in your

90

expense reports. BDO-Apollo-00000137.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him. The document attached is not a credit card statement or Rashid's expense reports from which Rashid can refresh his recollection. Rather, it is a spreadsheet prepared and/or produced by others purporting to classify various of Rashid's expenses. From this document, Rashid cannot confirm or deny what information was contained on his actual expense reports.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

327.     Admit that you charged approximately $344 in meal expenses to your Apollo-supplied American Express card for a meal on or about July 14, 2011 at a restaurant owned by Cerulean Management LLC. BDO-Apollo-00000503-509 at 509.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Moreover, Rashid does not recognize the name Cerulean Management, LLC, and the name of the restaurant where the meal was supposedly charged is not identified.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

328.     Admit that you did not do any business on behalf of or concerning Apollo-advised funds during the meal for which you charged approximately $344 in meal expenses to your Apollo-supplied American Express card for a meal on or about July 14, 2011 at a restaurant owned by Cerulean Management LLC.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Moreover, Rashid does not recognize the name Cerulean Management, LLC, and the name of the restaurant at which a meal was supposedly charged is not identified.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

329.     Admit that the meal for which you charged approximately $344 in meal expenses to your Apollo-supplied American Express card for a meal on or about July 14, 2011 at a restaurant

owned by Cerulean Management LLC was for a personal meal and that Tony Hull was not there.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Moreover, Rashid does not recognize the name Cerulean Management, LLC, and the name of the restaurant at which a meal was supposedly charged is not identified.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

330.    Admit that the meal for which you charged approximately $344 in meal expenses

to your Apollo-supplied American Express card for a meal on or about July 14, 2011 at a restaurant

owned by Cerulean Management LLC was for a personal meal and Richard Smith was not there.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Moreover, Rashid does not recognize the name Cerulean Management, LLC, and the name of the restaurant at which a meal was supposedly charged is not identified.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

331.    Admit that the approximately $344 in meals expense incurred on or about July 14,

2011 at a restaurant owned by Cerulean Management LLC was characterized as business-related

meal with Tony Hull and Richard Smith in your expense report.  BDO-Apollo-00000503-509 at

509.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him. The document attached is not a credit card statement or Rashid's expense reports from which Rashid can refresh his recollection.  Rather, it is a spreadsheet prepared and/or produced by others purporting to classify various of Rashid's expenses. From this document, Rashid cannot confirm or deny what information was contained on his actual expense reports. Moreover, Rashid does not recognize the name Cerulean Management, LLC, and the name of the restaurant at which a meal was supposedly charged is not identified.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

332.    Admit that you charged approximately $107.65 in meals expense at a restaurant

named The Dutch and/or owned by Prince Sullivan LLC to your Apollo-supplied American

Express card on or about July 26, 2011.  APOLLO00040970-1240 at 1081.

  <u>Answer</u>:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Moreover, Rashid does not recognize the name Prince Sullivan LLC.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

  333. Admit that the approximately $107.65 in meals expense that you charged to your

Apollo-supplied American Express card on or about July 26, 2011was for a meal that you

purchased for yourself and personal friends.

  <u>Answer</u>:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him. Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

  334. Admit that you did not do any business on behalf of or concerning Apollo-advised

funds during the meal at a restaurant named The Dutch and/or owned by Prince Sullivan LLC for

which you charged approximately $107.65 to your Apollo-supplied American Express card for a

meal on or about July 26, 2011.

  <u>Answer</u>:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him. Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

  335. Admit that the approximately $107.65 in meals expense incurred on or about July

26, 2011 at a restaurant named The Dutch and/or owned by Prince Sullivan LLC was

characterized as business-related expense in your expense reports.  APOLLO00040970-1240 at

1081.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid does not recognize the attached document as one of his expense reports.  Rather, it is an Expense Report Accounting Distribution Report that Rashid did not prepare and does not believe he has seen before.  From this document, Rashid cannot confirm or deny what information was contained on his actual expense reports. Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

336.    Admit that you charged approximately $198.75 in meal expenses to your Apollo-supplied American Express card for a meal on or about July 30, 2011 at a restaurant owned by GFB Restaurant Corp. APOLLO00040970-1240 at 1088.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Moreover, Rashid does not recognize the name GFB Restaurant Corp., and the name of the restaurant at which a meal was supposedly charged is not identified.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

337.    Admit that you did not do any business on behalf of or concerning Apollo-advised funds during the meal for which you charged approximately $198.75 in meal expenses to your Apollo-supplied American Express card for a meal on or about July 30, 2011 at a restaurant owned by GFB Restaurant Corp.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Moreover, Rashid does not recognize the name GFB Restaurant Corp., and the name of the restaurant at which a meal was supposedly charged is not identified.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

338.    Admit that the meal for which you charged approximately $198.75 in meal expenses to your Apollo-supplied American Express card for a meal on or about July 30, 2011 at a restaurant owned by GFB Restaurant Corp was for a personal meal and Gary Enzor was not

94

there.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Moreover, Rashid does not recognize the name GFB Restaurant Corp., and the name of the restaurant at which a meal was supposedly charged is not identified.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

339.    Admit that the approximately $198.75 in meals expense incurred on or about July

30, 2011 at a restaurant owned by GFB Restaurant Corp was characterized as business-related

meal with Gary Enzor in your expense reports. APOLLO00040970-1240 at 1088.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid does not recognize the attached document as one of his expense reports.  Rather, it is an Expense Report Accounting Distribution Report that Rashid did not prepare and does not believe he has seen before.  From this document, Rashid cannot confirm or deny what information was contained on his actual expense reports. Moreover, Rashid does not recognize the name GFB Restaurant Corp., and the name of the restaurant at which a meal was supposedly charged is not identified.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

340.    Admit that you charged approximately $192 in meal expenses to your Apollo-

supplied American Express card for a meal on or about August 22, 2011 at the Kosugi Restaurant.

APOLLO00040970-1240 at 1090.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Moreover, Rashid does not recognize the name Kosugi Restaurant. Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

341.    Admit that you did not do any business on behalf of or concerning Apollo-advised

funds during the meal for which you charged approximately $192 in meal expenses to your Apollo-

supplied American Express card for a meal on or about August 22, 2011 at the Kosugi Restaurant.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

342.    Admit that the meal for which you charged approximately $192 in meal expenses

to your Apollo-supplied American Express card for a meal on or about August 22, 2011 at the

Kosugi Restaurant was for a personal meal and Richard Smith was not there.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

343.    Admit that the approximately $192 in meals expense incurred on or about August

22, 2011 at the Kosugi Restaurant was characterized as business-related meal with Richard

Smith in your expense reports. APOLLO00040970-1240 at 1090.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid does not recognize the attached document as one of his expense reports.  Rather, it is an Expense Report Accounting Distribution Report that Rashid did not prepare and does not believe he has seen before.  From this document, Rashid cannot confirm or deny what information was contained on his actual expense reports. Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

344.    Admit that you charged approximately $311 in meal expenses to your Apollo-

supplied American Express card for a meal on or about September 1, 2011 at a restaurant owned

by Providence Rest MGMNT LLC. APOLLO00040970-1240 at 1094.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Moreover, Rashid does not recognize the name Providence Rest MGMNT LLC, and the name of the restaurant at which the charge was**

**supposedly made is not identified. Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

345.     Admit that you did not do any business on behalf of or concerning Apollo-advised

funds during the meal for which you charged approximately $311 in meal expenses to your Apollo-

supplied American Express card for a meal on or about September 1, 2011 at a restaurant owned

by Providence Rest MGMNT LLC.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Moreover, Rashid does not recognize the name Providence Rest MGMNT LLC, and the name of the restaurant at which the charge was supposedly made is not identified.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

346.     Admit that the meal for which you charged approximately $311 in meal expenses

to your Apollo-supplied American Express card for a meal on or about September 1, 2011 at a

restaurant owned by Providence Rest MGMNT LLC was for a personal meal and Gary Enzor

and Joe Troy were not there.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Moreover, Rashid does not recognize the name Providence Rest MGMNT LLC, and the name of the restaurant at which the charge was supposedly made is not identified.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

347.     Admit that the approximately $311 in meals expense incurred on or about

September 1, 2011 at a restaurant owned by Providence Rest MGMNT LLC was characterized

as business-related meal with Gary Enzor and Joe Troy in your expense reports.

APOLLO00040970-1240 at 1094.

Answer:  **Rashid is without sufficient information to provide a definite response to this**

request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid does not recognize the attached document as one of his expense reports.  Rather, it is an Expense Report Accounting Distribution Report that Rashid did not prepare and does not believe he has seen before.  From this document, Rashid cannot confirm or deny what information was contained on his actual expense reports. Moreover, Rashid does not recognize the name Providence Rest MGMNT LLC, and the name of the restaurant at which the charge was supposedly made is not identified.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.

348.   Admit that you charged approximately $120.88 to your Apollo-supplied American Express card for meals expense on or about October 5, 2011 at Honey Jar. APOLLO00040970-1240 at 1098.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Moreover, Rashid is unfamiliar with the name Honey Jar. Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

349.   Admit that approximately $120.88 that you charged to your Apollo-supplied American Express card for meals expense on or about October 5, 2011 at Honey Jar was for a meal that you purchased for yourself, Farah Khan and Ed Sent.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

350.   Admit that you did not do any business on behalf of or concerning Apollo-advised funds during the meal at the Hudson Restaurant for which you charged approximately $120.88 in expenses to your Apollo-supplied American Express card for a meal on or about October 5, 2011.

Answer:  **Rashid is without sufficient information to provide a definite response to this**

**request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

351.   Admit that the approximately $120.88 in meals expense incurred on or about October

5, 2011 at Honey Jar was characterized as business-related expense in your expense reports.

APOLLO00040970-1240 at 1098.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid does not recognize the attached document as one of his expense reports.  Rather, it is an Expense Report Accounting Distribution Report that Rashid did not prepare and does not believe he has seen before.  From this document, Rashid cannot confirm or deny what information was contained on his actual expense reports. Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

352.   Admit that you charged approximately $674.70 to your Apollo-supplied

American Express card for airfare between New York, NY and Ft. Lauderdale, FL on or about

October 28, 2011 – November 3, 2011.  APOLLO00040970-1240 at 1103.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him. Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

353.   Admit that you had no business reason pertaining to Apollo-advised funds that

required you to travel to Ft. Lauderdale, FL on or about October 28, 2011 – November 3, 2011.

Answer: **Admitted that Rashid was not required to travel to Ft. Lauderdale, FL.  Denied that he did not engage in business while in Ft. Lauderdale, Fl.**

354.   Admit that the purpose of your travel airfare between New York, NY and Ft.

Lauderdale, FL on or about October 28, 2011 – November 3, 2011 was to attend a wedding.

Answer: **Denied insofar as the Request suggests that was the wedding was the only purpose of the travel.**

355.   Admit that you did not do any business on behalf of or concerning Apollo-advised funds during the trip for which you traveled airfare between New York, NY and Ft. Lauderdale, FL on or about October 28, 2011 – November 3, 2011.  APOLLO 00040970-1240 at 1103.

Answer: **Denied.**

356.   Admit that your trip between New York, NY and Ft. Lauderdale, FL on or about October 28, 2011 – November 3, 2011 was characterized as a business expense on your expense report.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid does not recognize the attached document as one of his expense reports.  Rather, it is an Expense Report Accounting Distribution Report that Rashid did not prepare and does not believe he has seen before.  From this document, Rashid cannot confirm or deny what information was contained on his actual expense reports. Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

357.   Admit that approximately $203.01 in airfare expense for travel booked on or about December 23, 2011 was characterized in your expense report as business expense related to "Intercity flight for Realogy trip."  APOLLO00040970-1240 at 1114.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid does not recognize the attached document as one of his expense reports.  Rather, it is an Expense Report Accounting Distribution Report that Rashid did not prepare and does not believe he has seen before.  From this document, Rashid cannot confirm or deny what information was contained on his actual expense reports. Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

358.   Admit that you charged approximately $188.10 to your Apollo-supplied

American Express card for meals expense incurred on or about December 30, 2011 at Porcao

Rio.  APOLLO00040970-1240 at 1119.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

359.   Admit that you did not do any business on behalf of or concerning Apollo-advised

funds during your meal at Porcao Rio on or about December 30, 2011.

Answer: **Denied.**

360.   Admit that the approximately $188.10 in meals expense incurred on or about

December 30, 2011 at Porcao Rio was characterized as business-related expense in your expense

reports.  APOLLO00040970-1240 at 1119.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid does not recognize the attached document as one of his expense reports.  Rather, it is an Expense Report Accounting Distribution Report that Rashid did not prepare and does not believe he has seen before.  From this document, Rashid cannot confirm or deny what information was contained on his actual expense reports. Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

**H.      Credit Card Charges for Personal Meals, Entertainment and Travel in 2012**

361.   Admit that you charged approximately $3,323.30 to your Apollo-supplied American

Express card for airfare and hotel expense for a trip to Rio de Janeiro, Brazil with Farah Khan over

the New Year's holiday in January 2012.   APOLLO00005002-11 at 8-9, BDO-Apollo-

00000808-14 at 808.

Answer: **Admitted**.

362.    Admit that you had no business reason pertaining to Apollo-advised funds that required you to travel to Rio de Janeiro, Brazil over the New Year's holiday in January 2012.

Answer: **Admitted that Rashid was not required to travel to Brazil in January 2012. Denied that he did not engage in business while in Brazil.**

363.    Admit that you did not do any business on behalf of or concerning Apollo-advised funds during your trip to Rio de Janeiro, Brazil in January 2012.

Answer: **Denied.**

364.    Admit that the approximately $3,323.30 in airfare and hotel expenses for your trip to Rio de Janeiro, Brazil in January 2012 as referenced above in RFA #361 were characterized as business-related expenses in your expense reports. APOLLO00040970-1240 at 1113-14.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid does not recognize the attached document as one of his expense reports.  Rather, it is an Expense Report Accounting Distribution Report that Rashid did not prepare and does not believe he has seen before.  From this document, Rashid cannot confirm or deny what information was contained on his actual expense reports. Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

365.    Admit that you charged approximately $203.01 to your Apollo-supplied American Express card for inter-city airfare expense for a trip to Rio from Sao Paulo, Brazil from approximately December 22, 2011 to January 1, 2012. APOLLO00040970-1240 at 1114.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

366.    Admit that the purpose of your trip to Rio from Sao Paulo, Brazil in January 2012 was a personal vacation with Farah Khan and friends.

Answer:  **Admitted in part and denied in part.  Admitted that a portion of the trip to Brazil was personal. Denied that the entire purpose of the trip was personal or that Rashid did not engage in business activities while in Brazil.**

367.    Admit that you did not do any business on behalf of or concerning Apollo-advised funds during your trip to Rio from Sao Paulo, Brazil as referenced above.

Answer: **Denied.**

368.    Admit that you charged approximately $2,314.10 to your Apollo-supplied American Express card for airfare expense for travel booked on or about January 13, 2012. APOLLO00040970-1240 at 1120.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

369.    Admit that the approximately $2,314.10 in airfare expense referenced above was incurred for your trip to Karachi from approximately January 24, 2012 to January 29, 2012.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

370.    Admit that you had no business reason pertaining to Apollo-advised funds that required you to travel to Karachi from approximately January 24, 2012 to January 29, 2012.

Answer: **Admitted in part and denied in part.  Admitted Rashid was not required to travel to Karachi.  Denied that there was no business reason for the travel.**

371.    Admit that your trip to Karachi from approximately January 24, 2012 to January 29, 2012 was for personal reasons.

Answer: **Admitted in part and denied in part.  Admitted that a portion of the trip was personal, and that Rashid visited family in Karachi during his stay in that time period.  Denied**

**insofar as the Request implies that Rashid did not conduct business in Karachi or that Rashid's travel was not approved by Apollo as a business expense.**

372.   Admit that you did not conduct any business on behalf of or concerning Wellspun or any other Apollo-advised fund during your trip to Karachi from approximately January 24, 2012 to January 29, 2012.

Answer: **Denied.**

373.   Admit that the approximately $2,314.10 in expense for trip to Karachi from approximately January 24, 2012 to January 29, 2012 was characterized as a business-related expense in your expense report. APOLLO00040970-1240 at 1120.

Answer:   **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid does not recognize the attached document as one of his expense reports.  Rather, it is an Expense Report Accounting Distribution Report that Rashid did not prepare and does not believe he has seen before.  From this document, Rashid cannot confirm or deny what information was contained on his actual expense reports. Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

374.   Admit that you charged approximately $153.33 to your Apollo-supplied American Express card for meal expense on or about January 21, 2012 at Trilogy. APOLLO00040970-1240 at 1121.

Answer: **Admitted**

375.   Admit that the approximately $153.33 that you charged to your Apollo-supplied American Express card for meal expense on or about January 21, 2012 at Trilogy was for your meal with Chirag Shah and that no business concerning Wellspun was conducted.

Answer:   **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes**

his recollection of these events and permits an accurate admission or denial.

376.   Admit that you did not conduct any business on behalf of or concerning Apollo-advised funds during your meal with Chirag Shah on or about January 21, 2012 at Trilogy.

Answer: **Denied.**

377.   Admit that the approximately $153.33 in meals expense incurred on or about January 21, 2012 at Trilogy was characterized as business-related expense in your expense reports. APOLLO00040970-1240 at 1121.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid does not recognize the attached document as one of his expense reports.  Rather, it is an Expense Report Accounting Distribution Report that Rashid did not prepare and does not believe he has seen before.  From this document, Rashid cannot confirm or deny what information was contained on his actual expense reports. Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

378.   Admit that you charged approximately $167.54 to your Apollo-supplied American Express card for meal expense incurred on or about February 9, 2012 at Pulqueria. APOLLO00040970-1240 at 1124.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

379.   Admit that the meals expense that you incurred on or about February 9, 2012 at Pulqueria was for a meal that you had with John Muirhead.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

380.    Admit that you did not conduct any business on behalf on any Apollo-advised

fund during your meal on or about February 9, 2012 at Pulqueria.

Answer:  **Rashid is without sufficient information to provide a definite response to this
request owing to the passage of time and the inability to supplement and refresh his recollection
with information currently available to him.  Rashid reserves the right to supplement his
answer should he obtain additional information through the discovery process which refreshes
his recollection of these events and permits an accurate admission or denial.**

381.    Admit that the approximately $167.54 in meals expense incurred on or about

February  9, 2012 at Pulqueria was characterized as business-related expense in your expense

reports.  APOLLO00040970-1240 at 1124.

Answer:  **Rashid is without sufficient information to provide a definite response to this
request owing to the passage of time and the inability to supplement and refresh his recollection
with information currently available to him.  Rashid does not recognize the attached document
as one of his expense reports.  Rather, it is an Expense Report Accounting Distribution Report
that Rashid did not prepare and does not believe he has seen before.  From this document,
Rashid cannot confirm or deny what information was contained on his actual expense reports.
Rashid reserves the right to supplement his answer should he obtain additional information
through the discovery process which refreshes his recollection of these events and permits an
accurate admission or denial.**

382.    Admit that you charged approximately $351.42 in meal expenses to your Apollo-

supplied American Express card for a meal on or about March 20, 2012 at the Gramercy Tavern.

APOLLO00040970-1240 at 1132.

Answer:  **Rashid is without sufficient information to provide a definite response to this
request owing to the passage of time and the inability to supplement and refresh his recollection
with information currently available to him.  Rashid reserves the right to supplement his
answer should he obtain additional information through the discovery process which refreshes
his recollection of these events and permits an accurate admission or denial.**

383.    Admit that you did not do any business on behalf of or concerning Apollo-advised

funds during the meal for which you charged approximately $351.42 in meal expenses to your

Apollo-supplied American Express card for a meal on or about March 20, 2012 at the Gramercy

Tavern.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

384.     Admit that the meal for which you charged approximately $351.42 in meal

expenses to your Apollo-supplied American Express card for a meal on or about March 20, 2012

at the Gramercy Tavern was for a personal meal and Richard Smith was not there.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

385.     Admit that the approximately $351.42 in meals expense incurred on or about

March 20, 2012 at the Gramercy Tavern was characterized as business-related meal with Richard

Smith in your expense reports. APOLLO00040970-1240 at 1132.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid does not recognize the attached document as one of his expense reports.  Rather, it is an Expense Report Accounting Distribution Report that Rashid did not prepare and does not believe he has seen before.  From this document, Rashid cannot confirm or deny what information was contained on his actual expense reports. Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

386.     Admit that you charged approximately $173.91 in meal expenses to your Apollo-

supplied American Express card for a meal on or about March 30, 2012 at ABC Carpet and Home.

APOLLO00040970-1240 at 1133.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid reserves the right to supplement his**

**answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

387.    Admit that you did not do any business on behalf of or concerning Apollo-advised

funds during the meal for which you charged approximately $173.91 in meal expenses to your

Apollo-supplied American Express card for a meal on or about March 30, 2012 at ABC Carpet and

Home.

Answer:   **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

388.    Admit that the meal for which you charged approximately $173.91 in meal

expenses to your Apollo-supplied American Express card for a meal on or about March 30, 2012

at ABC Carpet and Home was for a personal meal and Richard Smith was not there.

Answer:   **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

389.    Admit that the approximately $173.91 in meals expense incurred on or about

March 30, 2012 at ABC Carpet and Home was characterized as business-related meal with Richard

Smith in your expense reports. APOLLO00040970-1240 at 1133.

Answer:   **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid does not recognize the attached document as one of his expense reports.  Rather, it is an Expense Report Accounting Distribution Report that Rashid did not prepare and does not believe he has seen before.  From this document, Rashid cannot confirm or deny what information was contained on his actual expense reports. Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

390.    Admit that you charged approximately $220.53 in meal expenses to your Apollo-supplied American Express card for a meal on or about April 3, 2012 at When It's Chile It's Hot. APOLLO00040970-1240 at 1135.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.   Moreover, Rashid is unfamiliar with When It's Chile It's Hot. Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

391.    Admit that you did not do any business on behalf of or concerning Apollo-advised funds during the meal for which you charged approximately $220.53 in meal expenses to your Apollo-supplied American Express card for a meal on or about April 3, 2012 at When It's Chile It's Hot.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.   Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

392.    Admit that the meal for which you charged approximately $220.53 in meal expenses to your Apollo-supplied American Express card for a meal on or about April 3, 2012 at When It's Chile It's Hot was for a personal meal and that Tony Hull was not there.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

393.    Admit that you charged approximately $210 in meal expenses to your Apollo- supplied American Express card for a meal on or about April 7, 2012 at Craft LLC. APOLLO00040970-1240 at 1134.

109

Answer:   **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

394.    Admit that you did not do any business on behalf of or concerning Apollo-advised funds during the meal for which you charged approximately $210 in meal expenses to your Apollo-supplied American Express card for a meal on or about April 7, 2012 at Craft LLC.

Answer:   **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

395.    Admit that the meal for which you charged approximately $210 in meal expenses to your Apollo-supplied American Express card for a meal on or about April 7, 2012 at Craft LLC was for a personal meal and Seth Truit and Don Casey were not there.

Answer:   **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

396.    Admit that the approximately $210 in meals expense incurred on or about April 7, 2012 at Craft LLC was characterized as business-related meal with Seth Truit and Don Casey in your expense reports. APOLLO00040970-1240 at 1134.

Answer:   **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid does not recognize the attached document as one of his expense reports.  Rather, it is an Expense Report Accounting Distribution Report that Rashid did not prepare and does not believe he has seen before.  From this document, Rashid cannot confirm or deny what information was contained on his actual expense reports. Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

110

397.     Admit that the meal for which you charged approximately $220.53 in meal

expenses to your Apollo-supplied American Express card for a meal on or about April 9, 2012 at

When Its Chile Its Hot was for a personal meal and Richard Smith was not there.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

398.     Admit that the approximately $220.53 in meals expense incurred on or April 3,

2012 at When It's Chile It's Hot was characterized as business-related meal with Tony Hull and

Richard Smith in your expense reports. APOLLO00040970-1240 at 1135.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid does not recognize the attached document as one of his expense reports.  Rather, it is an Expense Report Accounting Distribution Report that Rashid did not prepare and does not believe he has seen before.  From this document, Rashid cannot confirm or deny what information was contained on his actual expense reports. Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

399.     Admit that you charged approximately $434.19 in meal expenses to your Apollo-

supplied American Express card for a meal on or about April 21, 2012 at Neta, a sushi restaurant

owned by August Ventures LLC. APOLLO00040970-1240 at 1138.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

400.     Admit that you did not do any business on behalf of or concerning Apollo-advised

funds during the meal for which you charged approximately $434.19 in meal expenses to your

Apollo-supplied American Express card for a meal on or about April 21, 2012 a Neta, a sushi restaurant owned by August Ventures LLC.

Answer: **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him. Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

401.   Admit that the meal for which you charged approximately $434.19 in meal expenses to your Apollo-supplied American Express card for a meal on or about April 21, 2012 at Neta, a sushi restaurant owned by August Ventures LLC was for a personal meal and Gary Enzor and Joe Troy were not there.

Answer: **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him. Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

402.   Admit that the approximately $434.19 in meals expense incurred on or about April 21, 2012 at Neta, a sushi restaurant owned by August Ventures LLC was characterized as business- related meal with Gary Enzor and Joe Troy in your expense reports. APOLLO00040970-1240 at 1138.

Answer: **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him. Rashid does not recognize the attached document as one of his expense reports. Rather, it is an Expense Report Accounting Distribution Report that Rashid did not prepare and does not believe he has seen before. From this document, Rashid cannot confirm or deny what information was contained on his actual expense reports. Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

403.   Admit that you charged approximately $181.52 to your Apollo-supplied American Express card for meal expense incurred on or about April 27, 2012 at Osteria Morini.

APOLLO00040970-1240 at 1139.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

404.    Admit that your meal on or about April 27, 2012 at Osteria Morini was with Farah

Khan and Eric Liu.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him. Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

405.    Admit that the meal for which you charged approximately $181.52 in meal

expenses to your Apollo-supplied American Express card for a meal on or about April 27, 2012

at Osteria Morini, a restaurant owned by 218 LLC was for a personal meal and Gary Enzor was not

there.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him. Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

406.    Admit that the approximately $181.52 in meals expense incurred on or about

April 27, 2012 at a restaurant owned by 218 LLC was characterized as business-related meal

with Gary Enzor in your expense reports. APOLLO00040970-1240 at 1139.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him. Rashid does not recognize the attached document as one of his expense reports. Rather, it is an Expense Report Accounting Distribution Report that Rashid did not prepare and does not believe he has seen before. From this document, Rashid cannot confirm or deny what information was contained on his actual expense reports. Rashid reserves the right to supplement his answer should he obtain additional information**

**through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

407.    Admit that you charged approximately $296.54 to your Apollo-supplied

American Express card for meal expense incurred on or about April 28, 2012 at a restaurant named

Saxone + Parole and/or owned by Superior Restaurant NYCLP.  APOLLO00041139.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

408.    Admit that you did not conduct any business on behalf of or concerning any

Apollo-advised fund during your meal at a restaurant named Saxone + Parole and/or owned by

Superior Restaurant NYCLP on or about April 28, 2012.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

409.    Admit that the meal for which you charged approximately $296.54 in meal

expenses to your Apollo-supplied American Express card for a meal on or about April 28, 2012

at Saxone + Parole was for a personal meal.

Answer:  **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

410.    Admit that the approximately $296.54 in meals expense incurred on or about

April 28, 2012 at Saxone + Parole was characterized as business-related meal with Lourenco

Goncalves expense in your expense reports.  APOLLO00040970-1240 at 1139.

Answer:   **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid does not recognize the attached document as one of his expense reports.  Rather, it is an Expense Report Accounting Distribution Report that Rashid did not prepare and does not believe he has seen before.  From this document, Rashid cannot confirm or deny what information was contained on his actual expense reports.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

411.    Admit that you charged approximately $152.93 to your Apollo-supplied American Express card for meal expense incurred on or about April 30, 2012 at Jonesing. APOLLO00040970-1240 at 1141.

Answer:   **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him. Moreover, Rashid does not recognize the name Jonesing, and the name of the restaurant at which a meal was supposedly charged is not identified.    Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

412.    Admit that your meal on or about April 30, 2012 at Jonesing was with Ed Tam and Chirag Shah.

Answer:   **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Moreover, Rashid does not recognize the name Jonesing, and the name of the restaurant at which a meal was supposedly charged is not identified.  Rashid reserves the right to supplement his answer should he obtain additional information through the discovery process which refreshes his recollection of these events and permits an accurate admission or denial.**

413.    Admit that the approximately $152.93 in meals expense incurred on or about April 30, 2012 at Jonesing was characterized as business-related expense in your expense reports.  APOLLO00040970-1240 at 1141.

Answer:   **Rashid is without sufficient information to provide a definite response to this request owing to the passage of time and the inability to supplement and refresh his recollection with information currently available to him.  Rashid does not recognize the attached document**