UNITED STATES DISTRICT COURT
<u>SOUTHERN DISTRICT OF NEW YORK</u>
SECURITIES EXCHANGE COMMISSION,

                Plaintiff,                              17-cv-8223 (PKC)

  -against-                                                 ORDER

MOHAMMED ALI RASHID,

                Defendant.
_____

CASTEL, U.S.D.J.

        Defendant counsel's letter of October 23, 2019 is treated as a timely motion to reconsider this Court's Order of October 21, 2019. (Doc 129.)

        Two of the main points raised in the letter are that the Paul Weiss law firm has not identified which witnesses it represents and any submission should be made ex parte and in camera lest trial strategy be disclosed.

        As to the first point, the Court made plain that the principal purpose of the Order is not to assist non-parties or their counsel but "[t]o assist the Court in its trial management responsibilities and in aid of the Final Pre-Trial Confernce. . . ." As to the second point, there is a fundamental difference in civil and criminal trial practice. In civil litigation, trial by ambush (sometimes referred to as the "sporting theory of justice") bit the dust decades ago. [1] In civil litigation, the parties are permitted to examine at deposition actual or potential witnesses during the discovery phase. Parties may be required to disclose contentions and admit (or deny) facts. A joint pretrial order may require disclosure of claims and defenses, witnesses expected to be called or who may be called and all exhibits and depositions to be offered. In a bench trial, the Court may order the parties to present the

---

[1] "In the heyday of Common Law Pleading, when each of the numerous technicalities involved provided the members of the bench and bar with a source of continual intellectual amusement and pleasure, the sporting theory of justice prevailed. To win a lawsuit by guile and surprise or by the skillful manipulation of mysterious rules, understood only by the elite, was quite the thing to do. The development of pre-trial procedure and the formulation of Rule 16 of the Federal Rules of Civil Procedure, and similar provisions in most if not all of the States, represents one of the great Twentieth Century contributions to the improvement of judicial administration and the furtherance of effective, timely justice."
<u>Clark v. Pennsylvania R. Co.</u>, 328 F.2d 591, 594 (2d Cir. 1964)(Medina, J.)

direct testimony of witnesses within their control before the trial begins.  The fear expressed by defendant's counsel that work product and trial strategy may be revealed to opposing counsel by providing a summary of the expected testimony of the 11 present or former employees of Apollo is overblown and misses the mark.

        Defendant's motion to reconsider is DENIED.

        SO ORDERED.

*P. Kevin Castel*
P. Kevin Castel
United States District Judge

Dated: New York, New York
       October 24, 2019