

Gregory W. Kehoe
Tel 212.801.9200
KehoeG@gtlaw.com

**BY ECF**

October 24, 2019

The Honorable P. Kevin Castel
United States District Judge
United States Courthouse
500 Pearl Street, Courtroom 11D
New York, NY 10007-1312

Re:   *SEC v. Rashid*, No. 17-cv-8223-PKC (S.D.N.Y.)

Dear Judge Castel:

We write in response to the Court's endorsement on October 21, 2019 (and filed on October 23, 2019) directing that Mr. Rashid's counsel respond to the SEC's Letter Motion for a Protective Order no later than October 24, 2019.  Doc. No. 128, Doc. No. 131.  In short, the SEC objects to the notice of Ms. Donna Norman on Mr. Rashid's list of witnesses he may call at the trial of the allegations in the complaint.  Mr. Rashid may need to call a foundational witness from the SEC in order to authenticate one exhibit in particular, that is, the Apollo June 2013 T&E Policy.

There is some disagreement regarding the effective date of the Policy.  Mr. Rashid's position is that it was effective from after the expiration of the prior policy on May 31, 2013, making the effective date of the June 2013 policy June 1, 2013.  The effective date is relevant for a host of reasons, not the least of which is that many specific requirements to Apollo's policy were changed in the June 2013 policy.  Mr. Rashid bases his position on the metadata accompanying the policy that was provided to prior counsel in discovery by the SEC.  It is buttressed by the testimony of Cindy Michel, Apollo's current head of compliance who provides corporate representative testimony that the June 2013 testimony was effective on June 1, 2013.

Nonetheless, the SEC has taken the position during Mr. Rashid's deposition that the policy was in effect years before June 2013.  More recently, during a meet and confer meeting in Washington, DC, on September 10, 2019 and in follow up thereafter, the SEC declined to stipulate that the June 2013 policy became effective on June 1, 2013.

It should be noted that, to the best of our knowledge, Ms. Norman (until recently) was the person at the SEC with the most comprehensive knowledge of the SEC's production who was not serving as counsel of record in this case and would have been the best person to testify that the June 2013 policy provided to the SEC is the same as the SEC in turn provided to Mr. Rashid in discovery, including the supporting metadata.  It should also be noted that Ms. Norman is expected to be in attendance during the trial.  While we are hopeful that the SEC will abandon its position that the policy was not effective as of June 1, 2013, at the time of the preparation of the witness

The Honorable P. Kevin Castel
October 24, 2019
Page 2

list, and indeed as of this writing, there is no such agreement. Thus, given the importance of the effective date of the June 2013 policy on a large number of the expenses the SEC set forth in its case, Mr. Rashid must preserve his ability to establish the effective date, including but not limited to establishing the chain of production on the exhibit in question.

Mr. Rashid is aware that Ms. Norman has, as of October 23, 2019, made her appearance on behalf of the SEC as counsel. Doc. No. 132. As such, and in light of her new role as counsel of record in these proceedings, we have requested that the SEC provide us with the name of someone else who can serve as a foundational witness to the chain of production if necessary. We regret that counsel for the SEC did not confer with us prior to filing their motion, as we could likely have resolved the issue without burdening the Court. We have attached an Amended Witness List which designates an SEC Foundational Witness in the place of Ms. Norman.[1]

As Mr. Rashid's counsel, we are well aware of the Court's previous order regarding the prohibition of calling Ms. Norman to inquire into the SEC's case preparation, impressions, legal theories and trial strategy. We accept that ruling and have honored it to the letter and the spirit as indeed we have with any order of any Court.

Very truly yours,

**GREENBERG TRAURIG, LLP**

By:   /s/Gregory W. Kehoe
Gregory W. Kehoe
Daniel Friedman
200 Park Avenue
New York, New York 10166
(212) 801-9200
(212) 801-6400 (facsimile)
KehoeG@gtlaw.com

Theresa Van Vliet, Esq.
Genovese Joblove & Battista, P.A.
200 East Broward Boulevard, Suite 1110
Fort. Lauderdale, FL 33301
(954) 453-8012
tvanvliet@gjb-law.com
*Attorneys for Mohammed Ali Rashid*

---

[1] The Amended Witness List also specifies those witnesses that Mr. Rashid "will call" and those he "may call."