

Gregory W. Kehoe
Tel 212.801.9200
KehoeG@gtlaw.com

**BY ECF**

December 6, 2019

The Honorable P. Kevin Castel
United States District Judge
United States Courthouse
500 Pearl Street, Courtroom 11D
New York, NY 10007-1312

Re:   *SEC v. Rashid*, No. 17-cv-8223-PKC

(S.D.N.Y.) Dear Judge Castel:

      We write in brief response to the SEC's filing on December 6, 2019 (Doc. 162) regarding its inference that Defendant has mislead the Court in its submission (Doc. 112-1) seeking protections of the Rule 408 privilege.  It is absolutely true that the pleading should have noted that the *Alpex Computer Corp. v Nintendo Co. LTD.*, No. 86-cv-1749 (KMW), 1994 WL 139423 (S.D.N.Y. July 18, 1991) was *vacated on other grounds*.  For that error, Defendant's counsel apologizes to the Court.

      However, the fact remains that nothing in the legal grounds argued in support of Defendant's position vis a vis Rule 408 was deemed erroneous. *See, Alpex Computer Corp. v. Nintendo co., Ltd.,* No. 86-cv-1749 (KMW), 1994 WL 381659 (July 21, 1994). We note the SEC recognizes, in a footnote, that Judge Wood "did not indicated (sic) that her reliance on *Pierce* was in any way erroneous." (Doc. 162 at fn. 1).

      The SEC overlooks in its most recent filing that Judge Wood explicitly **reaffirmed** her prior interpretation of Rule 408. *Alpex Computer Corp. v. Nintendo Co.*, No. 86-cv-1749 (KMW) 1994 WL 139423 (S.D.N.Y. Mar. 16, 1994). She vacated her ruling as to several, but not all, subsets of the categories of documents originally excluded pursuant to Rule 408 and did so on **factual** grounds.  *Id*. at 6-8. Specifically, the Court noted in reconsideration:

> The question presented before the court concerns the applicability of this rule to evidence of Alpex's licensing offers to companies in the video game industry.  Rule 408 protects these offers only if they were sent as part of an offer to compromise disputed claims.  In the initial decision, the court concluded that an offeror's reasonable belief that a dispute exists is sufficient to bring within the ambit of Rule 408 any evidence of an offer to compromise that dispute in order to avoid litigation. …The court's initial decision holds further that such a reasonable belief may be based on the opposing

party's statements or actions signaling an apparent difference of opinion. … Having reconsidered the policy underlying Rule 408, as well as the decisional law construing the rule, the court **reaffirms** its interpretation of the Rule.

*Id.* at 7-8 (emphasis added) (internal citations omitted).

In this case, however, we note that the SEC has known since at least March 1, 2017, that Apollo's lead counsel, Paul Weiss, considered "that from the point in time that Ali Rashid retained Crowell & Moring as counsel, in early July 2013, that communications between Paul, Weiss, on the one hand, and Crowell & Morning, on the other, on matters concerning Mr. Rashid's T&E charges are not subject to a common-interest privilege.  There was, **at that point, adversity between Mr. Rashid and Apollo,** such that communications with Crowell & Moring on this subject were not subject to a common interest protection." *See*, PX -008A at Exhibit 4 (emphasis added) (electronic mail message from Andrew Ehrlich to Donna Norman and Duane Thompson, SEC, dated March 1, 2017 at 10:16 p.m.).

Counsel again extends its apologies for its failure to note that the case was vacated on grounds unrelated to the legal premise for which the case was cited.  As well, based on the forgoing and the arguments and authorities presented in his motion, Defendant respectfully requests that PX 24, and all other 408 communications, as well as any and all testimony, whether expert of factual, be excluded.

Very truly yours,

**GREENBERG TRAURIG, LLP**

By:   /s/Gregory W. Kehoe
Gregory W. Kehoe
200 Park Avenue
New York, New York
10166 (212) 801-9200
(212) 801-6400
(facsimile)
KehoeG@gtlaw.com

Theresa Van Vliet, Esq.
Genovese Joblove & Battista, P.A.
200 East Broward Boulevard, Suite 1110
Fort. Lauderdale, FL
33301 (954) 453-8012
tvanvliet@gjb-law.com
*Attorneys for Mohammed Ali Rashid*