UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>*Plaintiff*,<br><br>vs.<br><br>MOHAMMED ALI RASHID,<br><br>*Defendant*. | Civ. No. 17-cv-8223 (PKC) |

**DEFENDANT'S INITIAL DISCLOSURES
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)**

Pursuant to Federal Rule of Civil Procedure 26(a)(1) and paragraph 4 of the Court's Case Management Order (Dkt. 23), Defendant Mohammed Ali Rashid ("Mr. Rashid" or "Defendant"), hereby submits the following initial disclosures to Plaintiff Securities and Exchange Commission (the "Commission" or the "SEC").

**PRELIMINARY STATEMENT WITH RESPECT TO ALL DISCLOSURES**

Defendant makes the following disclosures based on the information reasonably available to him at this time and at this stage of the proceedings. Defendant's investigation into his defenses is ongoing. Pursuant to Federal Rule of Civil Procedure 26(e), Defendant reserves the right to supplement, amend, modify or alter these initial disclosures as new information becomes available, or to the extent the Court's ruling on Defendant's proposed motion to dismiss affects the scope of the claims or defenses in this case.

Defendant's disclosures are made without waiving: (1) any claim of privilege or work product; (2) the right to object on the grounds of competency, relevancy and materiality, hearsay, or any other proper ground, to the use of any disclosed information, for any purpose, in whole or

in part, in any subsequent proceeding in this action or any other action; and (3) the right to object on any and all grounds to any other discovery request or proceeding involving or relating to the subject matter of these disclosures. No incidental or implied admissions are intended by these initial disclosures.

**A.     INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION THAT DEFENDANT MAY USE TO SUPPORT HIS CLAIMS OR DEFENSES**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i), Defendant discloses the following list of individuals likely to have discoverable information that Defendant may use to support his defenses, their addresses and phone numbers, if known, and the general subject matter(s) of their knowledge. By indicating the general subject matter(s) of information these individuals may possess, Defendant is in no way limiting his right to call any individual listed to testify concerning other subjects.

| No. | Name | Title | Area of Knowledge | Contact |
|---|---|---|---|---|
| 1. | Mark Becker | Partner (Apollo) | Apollo's expense policies and procedures and compliance culture (or lack thereof); specific relevant conduct of Defendant, Apollo's management, partners, or employees. | Contact through counsel, believed to be Paul, Weiss |
| 2. | Todd Bellows | Former Employee (Apollo) | Apollo's expense policies and procedures and compliance culture (or lack thereof); specific relevant conduct of Apollo's management, partners, or employees. | Unknown |
| 3. | Lisa Bernstein | Global Head of Human Resources (Apollo) | Apollo's expense policies and procedures and compliance culture (or lack thereof); specific relevant conduct of Defendant, Apollo's management, partners, or employees. | Contact through counsel, believed to be Paul, Weiss |

2

| No. | Name | Title | Area of Knowledge | Contact |
|---|---|---|---|---|
| 4. | Leon Black | Chairman and CEO (Apollo) | Employment dispute between Defendant and Apollo; SEC investigation of Apollo and Defendant, Apollo's expense policies and procedures and compliance culture (or lack thereof); specific relevant conduct of Defendant, Apollo's management, partners, or employees. | Contact through counsel, believed to be Paul, Weiss |
| 5. | Gerard Cruse | Former Executive Officer (Apollo) | Apollo's expense policies and procedures and compliance culture (or lack thereof); specific relevant conduct of Defendant, Apollo's management, partners, or employees. | Unknown |
| 6. | Eugene Donnelly | Former CFO (Apollo) | Apollo's expense policies and procedures and compliance culture (or lack thereof); specific relevant conduct of Defendant, Apollo's management, partners, or employees. | Unknown |
| 7. | Seth Dunayer | Accountant/Expense Manager (Apollo) | Employment dispute between Defendant and Apollo; Apollo's expense policies and procedures and compliance culture (or lack thereof); specific relevant conduct of Defendant, Apollo's management, partners, or employees. | Contact through counsel, believed to be Paul, Weiss |
| 8. | Gary Enzor | CEO of Quality Distribution LLC | Business activities involving Defendant; specific relevant conduct of Defendant. | Mobile: (813) 451-0068 |

| No. | Name | Title | Area of Knowledge | Contact |
|---|---|---|---|---|
| 9. | Barbara (Gaudiosi) Feehan | Former Assistant (Apollo) | Apollo's expense policies and procedures and compliance culture (or lack thereof); specific relevant conduct of Defendant, Apollo's partners, or employees. | Unknown |
| 10. | Beth Gastik | Former Assistant (Apollo) | Apollo's expense policies and procedures and compliance culture (or lack thereof); specific relevant conduct of Defendant, Apollo's partners, or employees. | Unknown |
| 11. | Lourenco Goncalves | Former CEO and President of Metals USA | Business activities involving Defendant; specific relevant conduct of Defendant. | Mobile: (216) 533-5322 |
| 12. | Josh Harris | Co-Founder and Senior Managing Director (Apollo) | Employment dispute between Defendant and Apollo; SEC investigation of Apollo and Defendant; Apollo's expense policies and procedures and compliance culture (or lack thereof); specific relevant conduct of Defendant, Apollo's management, partners, or employees. | Contact through counsel, believed to be Paul, Weiss |
| 13. | Anthony Hull | CFO of Realogy | Business activities involving Defendant; specific relevant conduct of Defendant. | tony.hall@realogy.com |
| 14. | Sumeera Jones | Former Assistant (Apollo) | Apollo's expense policies and procedures and compliance culture (or lack thereof); specific relevant conduct of Defendant, Apollo's partners, or employees. | Unknown |
| 15. | Farah Khan | Partner at Catterton Partners | Business activities involving Defendant; specific relevant conduct of Defendant. | Mobile: (917) 691-7797 100 W. 18 St New York, NY 10001 |

| No. | Name | Title | Area of Knowledge | Contact |
|---|---|---|---|---|
| 16. | Scott Kleinman | Co-President and Private Equity Lead Partner (Apollo) | Employment dispute between Defendant and Apollo; Apollo's expense policies and procedures and compliance culture (or lack thereof); specific relevant conduct of Defendant. | Contact through counsel, believed to be Paul, Weiss |
| 17. | Nicole LaMons | Former Assistant (Apollo) | Apollo's expense policies and procedures and compliance culture (or lack thereof); specific relevant conduct of Defendant, Apollo's partners, or employees. | Unknown |
| 18. | Glen Leibowitz | Former Employee (Apollo) | Apollo's expense policies and procedures and compliance culture (or lack thereof); specific relevant conduct of Apollo's management, partners, or employees. | Unknown |
| 19. | Cindy Michel | Chief Compliance Officer (Apollo) | Employment dispute between Defendant and Apollo; Apollo's expense policies and procedures and compliance culture (or lack thereof); specific relevant conduct of Defendant, Apollo's management, partners, or employees. | Contact through counsel, believed to be Paul, Weiss |
| 20. | Patricia Navis | Former Associate General Counsel (Apollo) | Apollo's expense policies and procedures and compliance culture (or lack thereof); specific relevant conduct of Defendant, Apollo's management, partners, or employees. | Unknown |

| No. | Name | Title | Area of Knowledge | Contact |
|---|---|---|---|---|
| 21. | Marc Rowan | Co-Founder and Senior Managing Director (Apollo) | Employment dispute between Defendant and Apollo; SEC investigation of Apollo and Defendant; Apollo's expense policies and procedures and compliance culture (or lack thereof); specific relevant conduct of Defendant, Apollo's management, partners, or employees. | Contact through counsel, believed to be Paul, Weiss |
| 22. | Heather Senn | Former HR Assistant (Apollo) | Apollo's expense policies and procedures and compliance culture (or lack thereof); specific relevant conduct of Defendant, Apollo's management, partners, or employees, Apollo's partners, or employees. | Mobile: (646) 509-1134 |
| 23. | John Suydam | Chief Legal Officer (Apollo) | Employment dispute between Defendant and Apollo; SEC investigation of Apollo and Defendant; Apollo's expense policies and procedures and compliance culture (or lack thereof); specific relevant conduct of Defendant, Apollo's management, partners, or employees. | Contact through counsel, believed to be Paul, Weiss |
| 24. | Anthony Tortorelli | Former Employee (Apollo) | Apollo's expense policies and procedures and compliance culture (or lack thereof); specific relevant conduct of Defendant, Apollo's management, partners, or employees. | Unknown |
| 25. | Jessica Triani | Former Assistant (Apollo) | Apollo's expense policies and procedures and compliance culture (or lack thereof); specific relevant conduct of Defendant, Apollo's partners, or employees. | Unknown |

| No. | Name | Title | Area of Knowledge | Contact |
|---|---|---|---|---|
| 26. | Kenneth Vecchione | Former CFO (Apollo) | Apollo's expense policies and procedures and compliance culture (or lack thereof); specific relevant conduct of Defendant, Apollo's management, partners, or employees. | Unknown |
| 27. | Michael Weiner | Former General Counsel (Apollo) | Apollo's expense policies and procedures and compliance culture (or lack thereof); specific relevant conduct of Apollo's management, partners, or employees. | Ares Capital weiner@aresmgmt.com |

In addition to those individuals identified above, Defendant incorporates by reference any witnesses and their possible subjects of testimony disclosed by Plaintiff in its disclosure statements pursuant to Fed. R. Civ. P. 26(a)(1).

**B.     DOCUMENTS**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(ii), Defendant identifies the following category of documents, electronically stored information, and tangible things currently in his possession, custody, or control that he may use to support his claims or defenses, unless solely for impeachment. Defendant's investigation concerning discoverable information that he may use to support his claims or defenses in this litigation is ongoing, and Defendant reserves his rights to supplement this information as necessary. The below categories of documents, electronically stored information, and tangible things are within the control of Mohammed Ali Rashid, through his counsel, Quinn Emanuel Urquhart & Sullivan, LLP, 51 Madison Avenue, 22nd Floor, New York, NY 10010, and relate to the following subject matters, among others:

- Defendant's business-related expenses while employed at Apollo Global Management, including spreadsheets, communications, invoices, credit card and banking statements, and personal calendars.

- Communications with and documents exchanged between Defendant's former counsel and third parties, including Apollo Global Management and the SEC.

- Communications between Mr. Rashid and Apollo Global Management and/or its representatives.

- Defendant's employment with Apollo Global Management, including travel and expense policies.

- Third-party document productions, including from Apollo Global Management to the SEC.

**C.     DAMAGES COMPUTATION**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iii), Defendant is not asserting any counterclaims under which he could seek damages.

**D.     INSURANCE AGREEMENTS**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iv), Defendant is not aware of any insurance agreements that would satisfy, indemnify, or reimburse payments related to any final judgment or decree made in this case.

## **CONCLUSION**

Discovery between the Parties concerning the claims at issue in this matter is not complete.  Defendant submits the forgoing initial disclosures based on information reasonably available to him and pursuant to Rule 26(e), he reserves the right to amend or supplement these disclosures as discovery and investigation continues.

Dated:  February 15, 2018.

_____
QUINN EMANUEL URQUHART
& SULLIVAN, LLP

William A. Burck
1300 I Street NW, Suite 900
Washington, D.C. 20005
(202) 538-8000
williamburck@quinnemanuel.com

R. Brian Timmons
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000
briantimmons@quinnemanuel.com

Elinor C. Sutton
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
elinorsutton@quinnemanuel.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I, Nora Feher, hereby certify that a true and correct copy of the Defendant's initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) was served upon the following attorneys of record by electronic mail on February 15, 2018:

Duane K. Thompson
Securities and Exchange Commission
100 F Street NE,
Washington, D.C., 20549
ThompsonD@SEC.GOV

James M. Carlson
Securities and Exchange Commission
100 F Street NE,
Washington, D.C., 20549
CarlsonJa@SEC.GOV

Counsel to Plaintiff, Securities and Exchange Commission

_____

Nora Feher